No. 2260.—Mrs. Gayarre *v.* B. L. Millaudon et al.

Where the record shows that the plea of prescription was filed in the court below after the case had been argued and submitted to the judge, and the judgment of the court maintains the plea, the judgment will be annulled on appeal, and the case will be remanded to be proceeded with according to law. The rules of practice are well settled that all pleas of whatever description must be made before the case is submitted for decision.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Elmore & King,* for plaintiff and appellant. *E. Bermudez,* for defendants and appellees.

Taliaferro, J. The plaintiff having obtained a final judgment against a former sheriff of the parish of Orleans for the sum of $365 70, issued execution, which was returned *nulla bona.* Some time afterwards she brought suit against the defendants in this suit as sureties of the sheriff on his official bond, and the defendants set up the prescription of two years in bar of her action. The plea was sustained, and the defendants had judgment in their favor. The suit now before us was instituted to annul that judgment, and to recover from the defendants $520 84, with interest, made up of the sum recovered by judgment against the sheriff, viz: $365 70, and various items of costs, interest, etc., amounting to $155 14, which, superadded to the amount of the judgment sought to be annulled, make up the sum of $520 84.

To the form of this action the defendants excepted, on the ground that the proceeding taken to annul the judgment referred to can not be cumulated with the demand for the judgment sought for in the former case against the sureties, and on the further ground that so far as plaintiff claims the nullity of the judgment described, the petition discloses no cause of action. The exception was sustained and the plaintiff's suit dismissed. The plaintiff thereupon appealed.

The plaintiff avers in her petition that the plea of prescription, by which her action against the sureties was defeated, was brought into the case without her knowledge, and by indirect and fraudulent means; that the plea of prescription was indorsed, "filed sixteenth of December, 1868," and the case argued and submitted to the court for decision by both parties on the fifteenth of December, 1868. The plaintiff alleges that had she had knowledge of the filing of the plea and an opportunity to introduce evidence, she could have shown that the plaintiff was not authorized to recover on the plea. That neither she nor her counsel had any notice whatever of this plea of prescription until some days after the judgment in the case was signed.

This was a grave irregularity in practice, and one which should not be tolerated. We deem it proper, therefore, to remand the case. See Code of Practice, art. 607.

It is ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that this case be remanded to the court of the first instance to be proceeded with according to law.