ROGERS, Justice.
 

 The Washington 'National Insurance Company appeals from a judgment on one of its health and accident policies in favor of John E. Dale. The judgment condemns the insurance company to pay Dale $90 a month for a period not to exceed five years for his total disability resulting from an accident while the policy was in force, and also the statutory penalties of double indemnity and attorney’s fees.
 

 As he was alighting from an automobile in front of his residence in the town of De Quincy, plaintiff slipped and fell on a small culvert injuring his hip. The accident policy of the defendant insurance company which he held at the time, and on which he sues, provides for the payment of $90 a month not to exceed five years for an accidental injury that shall totally disable the insured, or for the payment of $45 a month, not to exceed áix months, for his partial disability.
 

 Defendant does not dispute that plaintiff was accidentally injured, but denies any disability indemnity is due therefor under its policy.
 

 Defendant contends the contract is void, because plaintiff misrepresented his earning capacity in order to obtain the policy.
 

 Plaintiff answered affirmatively the fourteenth interrogatory contained in his application for the policy, as to. whether he understood recovery would be barred in the event any of his answers material to the risk assumed by the company was false. Interrogatory No. 6, after requiring the name of the applicant’s employer, propounded the following question, viz.: “Your wages or income?” Plaintiff’s answer to the question was: “$225.00 per month.” This answer followed plaintiff’s statement that his employer was the “N. O. T. & M. Railway Company.”'
 

 
 *931
 
 Plaintiff was employed by tbe railroad company in the capacity of conductor on freight trains. His total earnings from his employment from September 1, 1931, to January 31, 1932, were $125.15, or approximately $25 per month. The application was dated January 23, 1932, and the accident which resulted in plaintiff’s injury occurred on March 11, 1932. Defendant contends, as the average of the earnings of plaintiff for the period stated were only $25 a month, plaintiff had misrepresented his income in his application for the policy, and, as a consequence, the contract is void and plaintiff cannot recover.
 

 The record fails to convince us plaintiff was guilty of any misrepresentation concerning his income. The question, itself, was posed in a manner calculated to mislead the applicant. There was no direct inquiry as to the applicant’s actual or present income. He was not placed on his guard in that respect. He was first asked to state the name of his employer, which he did, by naming the N. O. T. & M. Railway Company. Then he was asked to state his wages or income, which he was justified in believing referred to the usual income from his employment, extending over a considerable period of time. And it is impossible to conceive the parties contemplated the contract would be invalid, because, for a month or a few months preceding the date of the application, the applicant’s earnings, either from choice or from necessity, were less than the amount set forth in the application. It is not disputed that plaintiff’s income as a freight conductor was normally more than $25 a month. Nor was plaintiff’s testimony to the effect that his earnings were $225 per month, meaning under normal conditions, contradicted by any one. We agree in the conclusion reached by the trial judge that this defense is not tenable.
 

 Another defense to plaintiff’s action is that he failed to furnish monthly a physician’s report as to his physical condition.
 

 On March 19, 1932, which was eight days after the accident occurred, a physician’s report was furnished the defendant, in compliance with the terms of the policy. Reports of plaintiff’s physical condition were also sent to the company by plaintiff’s physician on May 12, May 17, June 6, and July 14, 1932. The report of May 12 was due in April; the report of May 17 was due on May 11; the report of June 6 was furnished five days prior to its due date, which was June 11; and the report of July 14 was due July 11. From all of which we find that the provision of the policy providing for a physician’s report every thirty days, “or as near thereto as may be reasonably possible,” was complied with.
 

 Defendant contends that plaintiff’s disability was only temporary and not continuous, and that the court below erred in awarding him any indemnity after his disability had ceased.
 

 The record discloses the case was tried twice in the court below. On the first trial, the court found that, as a result of the'accident, plaintiff was totally disabled for two months and partially disabled for one month and twenty days, and rendered judgment accordingly, together with the statutory penalties. On the second trial, which took place about four months after the first trial, the
 
 *933
 
 court found that plaintiff’s disability was such as to prevent him from performing the duties incident to his regular ocqupation, and rendered judgment in his favor on that basis, together with the statutory penalties.
 

 Plaintiff, in his petition, greatly exaggerated his injuries. He alleged that as a result of his fall “his right hip was sprained and he sustained a fracture of the head of his femur and also injured his back, causing his kidneys to become affected,” and that, as a consequence, he was totally disabled. But the evidence adduced on the trial of the case showed that none- of plaintiff’s bones were broken, and that his kidneys were not injured as a result of the accident. This was shown by X-ray and clinical examinations and by bacteriological tests. Plaintiff was confined to his bed for about ten days, and after that he was up and able to move about his house. On April 29, 1932, plaintiff was able to leave his house and to walk around. From then on he appears to have become sufficiently well to drive his automobile without difficulty and to walk with but little inconvenience. He also assisted his wife in operating a small restaurant which she owns in De Quincy.
 

 On May 12, 1932; plaintiff’s physician wrote defendant that plaintiff was improving, but that it probably would be a month before he would be able to discharge him. On June 6, 1932, plaintiff’s physician wrote informing defendant that plaintiff would be able to resume all his duties by July 1, 1932. And on July 14, 1932, -plaintiff’s physician sent defendant his final report, in which he stated that plaintiff was able to resume all of his work as of date July 1,1932, which was the date of his last treatment of plaintiff.
 

 The preponderance of the evidence is that plaintiff’s disability ceased on July 1, 1932, the date he was sufficiently recovered to resume his usual occupation of freight conductor. This is shown, not only by the medical testimony offered on behalf of the defendant, but also by the statement of plaintiff’s own physician, in his final report to the defendant, that plaintiff was able on July 1, 1932, to perform all the duties of conductor.
 

 It is true, on the trial of the case, both plaintiff and his physician testified that the final proof of the accident was prepared and submitted, because plaintiff was in financial straits and needed relief. But the report was furnished deliberately, not through mistake or error. It was in line with the previous reports of plaintiff’s physician that plaintiff was on the road to recovery and would be fully recovered and able to resume his work by July 1,1932. At that time, plaintiff apparently was moving about with but little or no inconvenience, and he had not received any medical treatment between July 1 and July 14, 1932.
 

 On both trials, plaintiff complained of pain in his hip and of his inability to work at his usual occupation. And plaintiff’s physician testified that he was giving him an electrical massage at his office once a week. Plaintiff’s wife also testified that she rubbed plaintiff every night and occasionally used hot water bottle to alleviate his alleged pain. But, beyond plaintiff’s own statement that he suffers pain, there is nothing in the record to show that fact. His -physician admits he has
 
 *935
 
 no means of telling whether plaintiff suffers any pain, and is compelled to rely on plaintiff’s own statement to that effect. It is true, he suggested, on the second trial of the case, that the pain complained of by plaintiff might be due to an injury to the sciatic nerve. But this was a mere conjecture on his part, as he had- found the muscular structure to be„in good shape. It is also true he testified he did not think that plaintiff would be able to work as freight conductor, except, possibly, for a few days at a time. But there is nothing to show that -plaintiff actually attempted to peiform such work. All the other medical testimony in the record is to the effect that, objectively, plaintiff has recovered; that there is no cause for the existence of the pain of which he complains; and there is no reason why he cannot resume his work. In these circumstances, we do not feel warranted in accepting plaintiff’s statement as to his pain and disability as full proof of those facts, having in mind that a litigant’s own testimony will be always as favorable to himself as he thinks the facts may justify.
 

 Our conclusion is that plaintiff’s disabling injuries existed from March 11, 1932, until July 1, 1932, and that he is entitled to recover therefor according to the terms of the policy at the rate of $90 per month. Our further conclusion is that plaintiff is also entitled to recover the penalties provided by Act No. 310 of 1910 when the failure to pay the amount due under the policy is not based upon just and reasonable grounds.
 

 There is no dispute that plaintiff was accidentally injured while the insurance contract was in effect. There is, and can be, no dispute that plaintiff’s disabling injuries existed from the date of the accident until the date the final proof thereof was furnished defendant. And there is, and can be, no denial of the furnishing by plaintiff of the monthly medical reports as hereinabove set forth. Defendant never paid or offered to pay plaintiff anything under its contract to do so, and, in fact, successfully interposed a plea of prematurity to plaintiff’-s first suit on the policy. No just or • reasonable grounds have been, or can be, offered for refusing to pay plaintiff the amount admittedly due him under the contract.
 

 Eor the reasons assigned, the judgment appealed from is set aside, and it is now ordered that there be judgment in favor of John E. Dale, plaintiff, and against the Washington National Insurance Company, defendant, in the sum of $327 for total disability for three months and nineteen days; $327 as penalty for failure to make settlement within the statutory period; and $150 as attorney’s fees, or a total of $804, with legal interest on $90 from April 11, 1932, on $90 from May 11, 1932, on $90 from June 11, 1932, and on $57 from July 1, 1932, until paid; and on $477 from July 14, 1932, the date of the first judgment rendered below, until paid. All costs of suit in the district court to be paid by the defendant. Costs of appeal to be paid by plaintiff.
 

 ST. PAUL, J„ absent.