PONDER, Justice.
 

 This is a suit by Mrs. Mary T. Bain against the Life' & Casualty Insurance Company of Tennessee on two certain insurance policies for sickness for a term of one week and for a term of 92 days for a fractured thigh. The defendant issued to plaintiff a policy and contract of insurance on December 29, 1919, calling for a premium of 25 cents per week and stipulating for the payment to the assured of $5 per week for sickness or accident. The defendant 'issued to plaintiff another policy, No. E 2099977, for a premium of 25 cents per week, agreeing to pay assured at the rate of $2.50 per week during sickness or accident.
 

 On January 15, 1934, plaintiff was confined to her bed for 7 days by illness. On May 14, 1934, the plaintiff was accidentally injured as a result of a fall that fractured her left thigh, from which accident she was confined in- -bed for a period of 92 days. Both policies were in effect and not in default at the time of the sickness or the injury. The plaintiff filed proof of such illness and injury on forms furnished by the defendant signed by herself and her physician. More than 30 days having lapsed since filing the proof of such illness and injury, the plaintiff sued the defendant in the district court and, after trial had, the lower court rendered judgment in favor of the plaintiff for the amount of the claims and the penalties. The defendant appealed from this judgment.
 

 Upon examination of the record, we find that the defendant filed an exception of no cause or right of action. The defendant contends (1) that the proceeds of insurance, contracted for during marriage and paid out of community funds belong to the community; (2) all property acquired during marriage is presumed to belong to the community until otherwise shown; (3) that the husband, as head and master of the community, should institute suits for the community.
 

 It was held in the case of Douglass v. Equitable Life Assur. Soc., 150 La. 519, 533, 90 So. 834, that, even though where the husband paid the premiums and the wife being the - beneficiary that the policy was her separate and paraphernal property: The benefits from the instant policy would be the separate and paraphernal property of the plaintiff and not the property of the community, therefore the exception of no right or cause of action has no merit.
 

 The defendant contends that the delay -was caused by reasonable grounds and that they are not liable for the penalty: provided for in Act No. 310 of 1910.' The
 
 *293
 
 only physician who testified in the case testified positively to the illness and the injury. The only evidence offered to refute this was the testimony of a representative of the defendant company who testified that he had no actual knowledge of the fact and did not see the plaintiff at the time of her illness or at the time she was injured and confined in bed. The defendant further contended that it had reasonable grounds for delaying the payments of the disability benefits, for the reason that the husband of the plaintiff was the agent who took the application of the defendant for the policies and that there was collusion between the plaintiff and her husband at the time the policies were applied for, and that fraud was practiced upon the insurance company in procuring the policies. This contention is not borne out by the evidence. The evidence shows that the policies had been in effect at the time this suit was filed fifteen and sixteen years respectively. There were only three witnesses who testified in the case, the plaintiff, Dr. Kevelin, and a representative of the defendant, except another witness who testified as to the value of the attorney’s fee. The only testimony offered to refute the testimony of the plaintiff and the physician was the representative of the defendant company who admitted that he had no actual knowledge of the illness or injury and had not seen the plaintiff during the time of the injury or illness. The physician testified positively to the illness and injury. The proof of injury presented to the defendant was signed by the physician at the time notice was given to the defendant. Another contention of the defendant was that at the time the plaintiff was insured she had to wear a brace on one of her legs and that said infirmity, caused by infantile paralysis, was not made known to the defendant in the application for the insurance. The representative of the defendant who testified in this case stated in his testimony that defendant in the application in answer to one of the questions in the application stated “infantile paralysis, left foot smaller than right.” The defendant contends that his did not state that any infirmity was occasioned by the infantile paralysis. The physician who testified in this case said that the plaintiff was O. K. outside of the leg injury; in fact, that it was not an injury, but that it was a condition. However, since the plaintiff in her application for the insurance stated that she had had infantile paralysis and that one foot was smaller than the other and the defendant company issued the policies and the two policies having been in effect 15 and 16 years respectively, it could not be said that the defendant company was unaware and had no notice of her condition in respect thereto. We therefore conclude that the defendant company did not have reasonable grounds to delay the payments herein.
 

 The judgment of the lower court allowed the plaintiff $7.50 for the week’s illness and $15 per week thereafter until paid, as a penalty under the provision of Act No. 310 of 1910. For the injury the lower court allowed the plaintiff $7.50 per week for the term beginning May 14, 1934, and ending August 13, 1934, and $15 per week beginning July 14, 1934, and continuing each week until paid, penalty under the provi
 
 *295
 
 sions of Act No. 310 of 1910. The lower court also allowed attorney’s fees.
 

 The plaintiff was confined to her bed by illness during the month of January, 1934, for a period of 7 days. Had the defendant paid the plaintiff timely, the plaintiff would have only been entitled to $7.50. Since the defendant did not pay the plaintiff within time, the plaintiff would be entitled to the amount called for in the policy, which is $7.50, and an amount equal to that, which is $7.50, for the delay in the payment under the provisions of Act No. 310 of 1910, § 3. The total amount that the plaintiff would be entitled to for the illness would be $15.
 

 The plaintiff was injured May 14, 1934, from which injury she was disabled for a period of 13 weeks. Had the payments been made within time, the defendant would have only had to pay the plaintiff $7.50 per week for 13 weeks, or a total of $97.50 for the injury. Since the payments have been delayed under the provisions of Act No. 310 of 1910, § 3, the plaintiff would be entitled, in addition to the $97.50 called for in the policy, to an amount of $97.50 (being amount equal to the amount due as a penalty for delayed payment). In other words, the plaintiff would be entitled to $195 for the disability caused by the injury.
 

 The total amount due the plaintiff in this suit would be $210 for the illness and disability and $25 for attorney’s fees. The plaintiff is entitled to legal interest on $7.50 from January 22, 1934, until paid, the legal interest on $97.50 from August 13, 1934, until paid, and legal interest on $130, being penalties and attorney’s fees from October 25, 1935, the date of the jiidgment in the lower court, until paid.
 

 The computation' of the amounts due the plaintiff and the interpretation of the Act No. 310, of 1910, § 3, is in accordance with the doctrine laid down in the case of Wilkins v. Universal Life Insurance Co. (La.App.) 159 So. 185, and the case of Dale v. Washington National Life Insurance Co., 179 La. 928, 155 So. 438.
 

 For the reasons assigned, the judgment of the lower court is amended by allowing the plaintiff $7.50, with legal interest from January 22, 1934, until paid, $97.50, with legal interest from August 13, 1934, until paid, and $130, penalties and attorney’s fees, with legal interest from October 25, 1935, and as amended the judgment of the lower court is affirmed. Defendant to pay all costs.