The plaintiff brought this suit against the American Employers' Insurance Company, but by a supplemental petition corrected the name of the company to that of Employers' Liability Assurance Corporation, Ltd. The insurance company is alleged to be the public liability and workmen's compensation insurance carrier for the Police Jury of East Baton Rouge Parish. This suit is for damages in the sum of $15,000 for personal injuries which plaintiff claims to have received on January 2, 1941, while working for the Works Progress Administration (hereafter called the W.P.A.) in clearing and preparing the site for the airport just north of Baton Rouge; *Page 518 
and in the alternative, for workmen's compensation.
It is alleged in the original and a second amended and supplemental petition filed after a plea of vagueness was filed by the defendant and sustained by the court, that the Police Jury of East Baton Rouge Parish had in its possession certain equipment and machinery, including what is known as bull-dozers, which it leased from a contractor, and which equipment was being used by mechanics and operators furnished by the contractor and paid by the Police Jury in clearing and preparing said site; that one of these bull-dozers became bogged while being operated by the employees and agents of the Police Jury on January 1, 1941, and the machine was left overnight in the Bayou where it had bogged down; that he (plaintiff) was employed as a common laborer by the W.P.A., and on the morning of January 2, 1941, he, together with some ten or twelve other employees of the W.P.A., was directed by the W.P.A. foreman to extricate said bull-dozer from the place where it had been bogged by an employee of the Police Jury, the foreman still retaining authority over said employees, becoming the agent of the said Police Jury, in attempting to remove said machine from the bog, all with the consent of the Police Jury.
It is alleged that the employees of the Police Jury were negligent in leaving unattended the bogged bull-dozer, without any warning signs being placed thereon; that it was to the advantage of the Police Jury for the W.P.A. foreman to remove the machine from the bog, which was done with the consent of the Police Jury; that in removing said machine, the said W.P.A. foreman became the agent of the Police Jury for whose negligence it became responsible. It is then alleged that plaintiff was ordered by said foreman to go under the said bull-dozer directly beneath a suspended blade thereon and was ordered to remove dirt and mud from under said machine with a shovel in order to extricate the machine from the bog; that plaintiff protested against going under the machine, but was ordered to do so by said foreman, whereupon he went under said machine, and while working thereunder by reason of the orders given him by the foreman, the blade fell across his back, causing severe personal injuries for which this suit is brought. The petition alleges that the said foreman was acting as an agent of the Police Jury in giving the orders to plaintiff relative to his going under said dangerous machine to remove it from the bog.
As an alternative plea, plaintiff asks that, if he is held not entitled to recover in tort for his injuries, that he recover for total and permanent disability as an employee of the Police Jury at the time he was injured.
After the filing of the second supplemental petition by plaintiff to amplify the allegations of his original petition in compliance with an order of court, the defendant filed another exception of vagueness pointing out various deficiencies in the allegations and asking that plaintiff be required to further amend his petition so as to supply the requested information. The defendant also filed an exception of no cause or right of action to the original and supplemental petitions. The court sustained the exception of vagueness and ordered plaintiff to further amend his petition. On the failure of the plaintiff to further amend his petition, the defendant filed a rule against him to show cause why his suit should not be dismissed for failure to comply with the order of the court to further amend his petition. This rule came up for a hearing, and the plaintiff announced that he would not further amend his petition, whereupon the court made the rule absolute and dismissed plaintiff's suit. The court did not pass on the exception of no cause or right of action.
The plaintiff took an appeal from the judgment which dismissed his suit, and the defendant has filed an answer to the appeal and asks for an affirmance of the judgment, or in the alternative, that its exception of no cause or right of action be sustained.
The plaintiff having announced that he had alleged all facts that he could allege, his suit should not have been dismissed on an exception of vagueness, but the court should have passed on the exception of no cause or right of action as the pleadings stood after plaintiff had alleged all the facts he could allege. Boone v. Mrs. Maurer's Bakery, Inc., La.App., 158 So. 877. A suit that is dismissed on an exception of vagueness for a failure to allege facts that could be alleged is, in effect, nothing more than a nonsuit. But where a plaintiff sets out all the facts that he can allege, and his suit is dismissed *Page 519 
on a peremptory exception for the reason that the law cannot give the relief asked for under the state of facts alleged, the judgment of dismissal is as conclusive on the issues presented as if the judgment had been rendered on the merits after answer filed. Laenger v. Laenger, 138 La. 532, 70 So. 501. Therefore, the plaintiff, admitting that he had set out his whole case, could do no more, and the only thing left for the court to do under the issues as they were then presented was to decide whether or not the facts alleged by the plaintiff were sufficient in law to give him the relief prayed for.
The question then arises as to whether or not we have the right to pass on this exception of no cause or right of action without it having been passed on by the trial court. As a general rule, an appellate court will not pass on questions on which the trial court rendered no judgment. Succession of Wengert, 180 La. 483,156 So. 473. However, under our broad system of appeals, the question of whether or not the plaintiff has a legal cause of action is presented in every case, whether pleaded specially or not, and an appellate court has the right to determine on an appeal whether or not plaintiff has any legal cause of action on the facts and issues shown by the record, even though the trial court has not passed on the question as presented in the trial court. In fact, the defendant as appellee may file a peremptory exception in the appellate court, and if the issues are fully presented by the record on appeal, the appellate court will determine, as a matter of law, whether or not the plaintiff has a cause of action, even though no such plea was filed in the lower court or acted on by it. Code of Practice, Art. 902; State v. Winehill Rosenthal, 147 La. 781, 86 So. 181. And where the appellee files an answer to the appeal and asks for a correction of the judgment in some respect as it affects him, and the appellate court is in possession of all the facts and issues, it may render such judgment as the trial court should have rendered in the first instance. Code of Practice, Articles 888 and 905; Otwell et al. v. Vaughn et ux., 186 La. 911, 173 So. 527. Our opinion is, therefore, that we should pass on the peremptory exception filed by the defendant in this case.
Taking the allegations of plaintiff's original and supplemental petitions as we have attempted to summarize them above, it is clear that he sets out no legal cause of action against the insurance carrier of the Police Jury either under his claim for personal injuries in tort or for compensation. He alleges that he was an employee of the W.P.A. and there is nothing to show that the Police Jury had any control over the operations of the W.P.A. nor the employment of plaintiff by that agency.
Taking all of the allegations of the petitions together, it appears that plaintiff seeks to fasten liability on the Police Jury and thereby hold its insurer on two principal grounds; viz, by showing the employees of the Police Jury were guilty of negligence in permitting this bull-dozer to remain in this bog without giving warning to third persons as to the danger which might be involved in an attempt to remove it, and, in the second place, by making the Police Jury responsible for the acts of the W.P.A. foreman in ordering plaintiff to get under this dangerous machinery in a position where he was exposed to extreme hazard.
On the first point, assuming that the employees of the Police Jury were guilty of negligence in bogging this machine in the Bayou, there is nothing to show that there was any negligence in leaving it unguarded or without signs attached to it. We cannot conceive of any duty owed by the Police Jury to a third person for placing guards or warning signs on a machine of this kind bogged down in the mud and water on the site where it was being operated.
As to the effort to make the W.P.A. foreman the agent of the Police Jury in attempting to remove the machine from the bog, the mere fact (if such was a fact) that the foreman attempted to remove the machine with the consent of the Police Jury is certainly not sufficient to make the foreman the agent of the Police Jury and render the latter liable for his acts in that connection. The petitions show that both the foreman and the plaintiff were working for the W.P.A. and were under the control of and being paid by that agency. The Police Jury had no control over either the foreman or the plaintiff as to what he would do or how he would do it. The mere allegation that the foreman was acting as the agent of the Police Jury in attempting to remove the machine, taken in connection with the *Page 520 
other facts alleged, is only a conclusion of the pleader.
For the reasons assigned, it is ordered that the judgment appealed from be avoided, annulled and set aside insofar as the same dismissed the suit of the plaintiff for his failure and refusal to further amend his petition; and it is now ordered that the exception of no cause or right of action filed by the defendant be and the same is hereby sustained and plaintiff's suit is hereby dismissed.