On Motion for Rehearing
PER CURIAM.
Plaintiff complains of the allowance of a claim of defendant in the sum of $89.60 in compensation and offset, the basis of the complaint being that this claim was presented for the first time in an answer to the appeal.
“Compensation, or set-off, is a mode of extinguishing debts, which takes place when it happens that both plaintiff and defendant are indebted to each other; each retaining, in payment of the sum due to him, the amount which he owes to the other.” Code of Practice, Art. 366.
“The defendant may plead compensation, or set-off at every stage of the proceedings, provided it be pleaded specially.” Code of Practice, Art. 367.
 Although the general rule is that on an appeal the parties are not permitted to plead matters or issues other than those which were before the trial court, Succession of Wengert, 180 La. 483, 156 So. 473, Williams v. American Employers’ Ins. Co., La.App., 10 So.2d 516, the rule may be departed from when the exception taken is one of those which may be pleaded'at any stage of the cause, and the proof of it appears by the mere examination of the record. Code of Practice, Art. 902. Therefore, where the appellee files an answer to the appeal and asks for a correction of the judgment in some respects as it affects him and the appellate court is in possession of all the facts and the issue is properly before it, such as was the plea in compensation, or offset, tendered in an answer to the appeal, the court may render such judgment as the trial court should have rendered in the first instance. Code of Practice, Arts. 888, 905; Otwell v. Vaughan, 186 La. 911, 173 So. 527; Williams v. American Employers’ Insurance Co., supra.
Therefore, for the reasons assigned in our original opinion, the allowance of the amount paid was proper as against the amount due plaintiff.
The motion for a rehearing is, accordingly, overruled.