125 So.2d 24 (1960)
Nell Frances Bell SANDERS, Plaintiff-Appellee,
v.
P. & S. INSURANCE COMPANY, Defendant-Appellant.
No. 9349.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1960.
*25 Bullock & Bullock, Shreveport, for appellant.
John A. Files, Shreveport, for appellee.
GLADNEY, Judge.
Mrs. Frances Bell Sanders instituted this action against the P. & S. Insurance Company for the recovery of $400 as hospital, operative and other medical expenses, incurred as a result of illness. Following trial of the case there was judgment in favor of plaintiff for the amount claimed and defendant has appealed to this court. After the appeal was lodged here, appellant filed an exception of no cause and no right of action.
The facts which give rise to this case involve a claim on a family hospital insurance policy. On January 20, 1959, the defendant issued to James W. Sanders, plaintiff's husband, a policy providing for various medical benefits, plaintiff being eligible to receive certain benefits thereunder. On April 25, 1959, plaintiff was examined by Dr. E. R. Morgan of Shreveport, who advised her to consult and be examined by Dr. E. E. Dilworth. Following the latter's examination on May 15, 1959, Mrs. Sanders was hospitalized in the T. E. Schumpert Memorial Sanitarium where she was confined from June 2 to June 17, 1959. On June 3rd Dr. Dilworth operated for a condition described as a prolapse of the uterus and cysto-urethrocele and rectocele. A claim for the medical expenses above referred to was made to defendant company. The latter, on July 17, 1959, rejected the claim on the ground plaintiff's condition existed prior to the effective date of the policy. The policy contained the following provisions:
"`Sickness' wherever used in this policy means sickness or disease contracted *26 and commencing after this policy has been in force for not less than thirty days after its effective date as to the person whose sickness is the basis of claim and resulting in loss covered by this policy. `Eligible members of the Insured's family' wherever used in this policy means the spouse of the Insured and the unmarried child or children of the Insured who are over three months and under eighteen years of age."
A further provision of the policy reads:
"Payment of Claims: All the indemnities of this policy will be payable to the Insured. Any indemnities unpaid at the Insured's death shall be paid to the estate of the Insured."
Plaintiff's petition indicates the existence of a marital community of acquets and gains. The policy refers to petitioner as the wife of James W. Sanders and designates Sanders as the insured.
The foregoing facts form the basis for defendant's exception of no cause and no right of action. Appellant, however, contends the exception should not be considered in this court as it was filed subsequent to the judgment of the trial court. The exception is directed at the capacity of the plaintiff to sue and stand in judgment in this case and, therefore, if valid, plaintiff is without a right or a cause of action. It is a peremptory exception, one which causes the dismissal of the action. Some peremptory exceptions relate only to form and others arise from law. Code of Practice Arts. 343, 344, 345 and 346; Riche v. Ascension Parish School Board, 1 Cir., 1941, 200 So. 681. Code of Practice Article 346 provides that "peremptory exceptions, founded on law, may be pleaded in every stage of the action, previous to the definitive judgment; but they must be pleaded specially, and sufficient time allowed to the adverse party to bring his evidence." Similarly, Code of Practice Article 902 states that although generally the parties before the Supreme Court are not allowed to plead other matters than those which were before the inferior court, nevertheless it may depart from this rule when the exception taken is one of those which may be pleaded at any period of a cause, and the proof of it appears by the mere examination of the record. This same rule applies with respect to the Courts of Appeal. Art. 7, Sec. 27, Const.1921 LSA. It is, therefore, clear that an exception asserting plaintiff is without a right or a cause of action, the basis for which exception is plainly discernible from the record, may be filed at any stage of the proceedings, either in the Supreme Court, or in the Court of Appeal. Williams v. American Employers' Insurance Company, La.App. 1 Cir., 1942, 10 So.2d 516; Hand v. Coker et al., La.App., Orleans, 1942, 11 So.2d 272; Ellis v. White, La.App. 1 Cir., 1954, 71 So.2d 640; Succession of Douglas, 1954, 225 La. 65, 72 So. 2d 262.
Cited by appellee as disapproving the filing of a peremptory exception after judgment in the trial court are: Gayarre v. B. L. Millaudon, 1871, 23 La.Ann. 305; Sample v. Whitaker, 1930, 171 La. 949, 132 So. 511; Metairie Bank in Liquidation v. Lecler, La.App. Orleans, 1941, 4 So.2d 573. Those cases may be distinguished from the instant one in that the exceptions under consideration in those cases were either directed at the form of the pleading or were such as to require the taking of evidence. None of the cited authorities involve a peremptory exception founded upon law and susceptible of solution upon the record, as in the instant case. We hold the exception of no cause and no right of action was timely filed.
Turning now to the merits of the exception we find that it is based on a well-known axiom of our law that only the husband as head and master of the community may prosecute a suit for the restitution of a community asset, and the wife cannot stand in judgment therefor. LSA-C.C. arts. 2399 et seq. An equally well-recognized exception to this rule is contained *27 in LSA-C.C. art. 2402, which recognizes that damages resulting from personal injuries to the wife are her separate property and she is, therefore, entitled to institute suit in her own right for the recovery of such damages. The suit in this instance, however, is for the recovery of expenses in connection with treatment of the wife for illness. Thus it is for the restitution of a debt which the husband as master of the community was obligated to pay. Furthermore, the policy expressly provides that claims made thereunder shall be payable to the insured, James W. Sanders. Uniformly, our appellate courts have held physicians', hospital and medical bills for treating the wife, even where they are brought about by reason of a personal injury, are community liabilities, and can only be sued for by the husband as the head and master of the community. Lanza v. De Ridder Coca Cola Bottling Company, La. App. 1 Cir., 1941, 3 So.2d 217, 220; White v. Coca-Cola Bottling Company, La.App. 2 Cir., 1943, 16 So.2d 579, 584; Delpido v. Colony, La.App. Orleans, 1951, 52 So.2d 720, 724.
The conclusion is inescapable that the exception of no cause or right of action was properly filed in this court, and in view of our finding that the policy benefits were for the purpose of reimbursement of community obligations, this suit may be instituted only by the husband, James W. Sanders. The exception is well taken and must be maintained.
In support of his argument that the wife is the proper party plaintiff, counsel for appellee cites Bain v. Life & Casualty Insurance Company, 1937, 188 La. 290, 176 So. 129. The case is inapposite for therein the wife was the insured and the sole beneficiary. Under the contract she alone could sue. In the instant case the husband is the insured and the named beneficiary. The wife benefits solely as a dependent member of the community.
For the foregoing reasons the judgment from which appealed is reversed and set aside, and it is now ordered that the exception of no cause and no right of action be sustained and plaintiff's demands dismissed. Appellee is to pay all costs of this suit.