TATE, Judge
(dissenting from denial).
In our original opinion, this court (over the dissent of two of its members) fixed an award of general damages at only $70,000 (including minimal loss of income), and awarded future medical expenses of $16,900. On application for rehearing, Miss West, plaintiff-appellee, called to our attention that the stipulated past medical expenses of $5,975.04 had apparently through inadvertence been omitted from the award.
Instead of granting a rehearing to consider this claim, the majority now denies the application with the explanation that it had intended that this figure of nearly $6,000 be considered as included in the award of general damages.
I think we are in error in so doing, at least without granting a rehearing. Appellate courts on occasion will amend their decree without granting a rehearing, but when they do so it has been to correct a manifest clerical or obviously inadvertent omission, such as where court costs are incorrectly assessed, or to correct an obvious error of date or amount. Dale v. Washington Nat. Ins. Co., 179 La. 928, 155 So. 438; Groves & Rosenblath v. Atkins, 160 La. 489, 107 So. 316; American National Bank of Shreveport v. Reclamation Oil Producing Ass’n of Louisiana, 156 La. 652, 101 So. 10.
Our present action is in the nature of a change in substance. Essentially, we reduce the award of general damages from $70,000 to $64,024.96. By now allowing the plaintiff to recover some $6,000 special damages which we had failed to award her on our first hearing, we in effect reduce by this same amount what the original majority opinion considered to be an appropriate award of $70,000 for this girl’s excruciating pain and her permanent crippling. I have some doubt that we are procedurally correct in so doing.
More, important, however, the action indicates the arbitrary method by which this appellate court ignores the “much discretion” statutorily entrusted to the trial court in the award of general damages. Civil Code Article 1934. The considered view of the majority expressed by its first opinion *115 was that this girl was entitled to $70,000 as general damages. Now, two weeks or so later, without hearing further argument, the majority by a few strokes of the typewriter reduces even this inadequate award by another six thousand dollars. I do not believe it is the function of an appellate court thus lightly to play a numbers game in the reassessment of general damages awarded by the trial court after full trial below, with the trier’s full opportunity to see and hear the witnesses rather than merely to read typewritten pages of briefs and records.
For these reasons, and for those expressed by my original dissenting opinion, I respectfully disagree with my brethren in their denial of Miss West’s application for rehearing.