119 So.2d 149 (1960)
Joseph DREARR
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY.
No. 21378.
Court of Appeal of Louisiana, Orleans.
March 28, 1960.
*150 George Sladovich, Jr., New Orleans, for plaintiff and appellant.
Phelps, Dunbar, Marks, Claverie & Sims and J. Barnwell Phelps, New Orleans, for defendant and appellee.
McBRIDE, Judge.
Plaintiff, a United States war veteran, was confined in the Veterans' Administration Hospital at New Orleans from February 24 until June 4, 1957, for treatment of and surgery for a duodenal ulcer, and he now sues in forma pauperis the Connecticut General Life Insurance Company for $1,038.50, the amount of an alleged bill rendered by the Veterans' Administration, on the ground said insurer, under a Certificate of Group Insurance, contracted to pay him "for the expense incurred (a) for hospital charges for bed and board and (b) for hospital charges for necessary services and supplies * * *."
The suit is defended on the ground plaintiff, as a qualified veteran, was entitled to free treatment at said hospital and incurred no expense whatsoever in connection with any of the services rendered him.
After a trial on the merits of the case, at which the testimony of only one witness was heard, viz., the Assistant Registrar of the local office of the Veterans' Administration, the trial court rendered judgment in favor of defendant dismissing plaintiff's demands and he has appealed therefrom to this court.
The Assistant Registrar testified that there was submitted to plaintiff a statement of the services rendered which "is a form of a bill" in the amount of $1,038.50, but the witness admitted no effort was made to collect the bill and there is no intention to sue the plaintiff for any indebtedness.
There was also introduced in evidence on behalf of plaintiff a letter written by a local attorney of the Veterans' Administration to plaintiff's counsel in which it is stated:
"I thought it might be helpful to you to know that the Veterans Administration Solicitor has held in an opinion identified as No. 74-53 that if a veteran is entitled to needed hospitalization and medical care from some other source, such as an insurance company, he should be advised upon admission to the hospital that he cannot properly execute the `No' block in the questionnaire he is required to sign as to his ability to pay for the hospitalization. Thus in Mr. Drearr's case since he could not properly certify that he was unable to pay for treatment the VA Hospital was not required or even permitted to furnish him free services."
We simply cannot reconcile the testimony of the witness and the quoted portion of the attorney's letter with the material provisions of the federal statute under which plaintiff was admitted to the Veterans' Hospital (then 38 U.S.C.A. § 706),[1] which reads in part as follows:
"* * * the Administrator of Veterans' Affairs is authorized under such *151 limitations as he may prescribe, and within the limits of existing Veterans' Administration facilities, to furnish to * * * veterans of any war * * * medical and hospital treatment for diseases or injuries: Provided, that any veteran of any war who was not dishonorably discharged, suffering from disability, disease or defect, who is in need of hospitalization or domiciliary care and is unable to defray the necessary expenses therefor (including transportation to and from the Veterans' Administration facility), shall be furnished necessary hospitalization or domiciliary care (including transportation) in any Veterans' Administration facility, within the limitations existing in such facilities, irrespective of whether the disability, disease, or defect was due to service. The statement under oath of the applicant on such form as may be prescribed by the Administrator of Veterans' Affairs shall be accepted as sufficient evidence of inability to defray necessary expenses * * *."
A most cursory reading of the statute is sufficient to convince anyone that as a veteran plaintiff, upon admission to the hospital, was entitled to free care and treatment for his ailment if he made the required statement under oath on the form prescribed by the Administrator setting forth his inability to defray necessary expenses. If his financial status was such that he could not subscribe to such oath, then the plaintiff veteran did not possess eligibility for admission in the first place.
The statute was passed upon in several cases decided by federal courts on the question whether a veteran can be charged for services rendered in a veterans' facility.
An almost identical situation as exists here is to be found in United States v. St. Paul Mercury Indemnity Company, 8 Cir., 238 F.2d 594, 595, the only distinguishing feature being that in the cited case the government, under an assignment from the veteran, brought suit against an insurer which had issued a hospitalization policy to recover for services rendered to the insured in a veterans' facility. Quoting from the case:
"The insurer refused to recognize the purported charges as `expenses actually incurred by the Insured', within the terms of the policy, upon the grounds that the insured had sought and qualified for admission, under 38 U.S.C.A. § 706, as a veteran entitled to free care and treatment for his ailment; that in this situation the Veterans' Administration was without authority under the statute to make any charge against him for the care and treatment furnished him; that any charge attempted to be made would therefore not constitute legally an obligation against him; that it could accordingly not be claimed to represent `expenses actually incurred by the Insured'; that the insured himself thus would be without any recovery right upon the policy for this care and treatment; and that necessarily in these circumstances the insurer equally could have no liability to the Veterans' Administration as assignee of the insured's rights."
After thoroughly considering the statute and regulations thereunder, the court concluded that the government's claim should be dismissed. The court further said:
"`Incur emphasizes the idea of liability * * *'. Webster's New International Dictionary. 1. Bouv.Law Dict., Rawle's Third Revision, p. 1531 similarly points to this inherency in its definition of the term incur: `To have liabilities thrust upon one by act or operation of law * * *'. Also, there are examples in specific legal situations, where it has been held that a thing for which there exists no obligation to pay, either express or implied, cannot in law be claimed to constitute an `expense incurred'. See e. g. Stern-Slegman-Prins *152 Co. v. Commissioner, 8 Cir., 79 F.2d 289; Bauer Bros. Co. v. Commissioner, 6 Cir., 46 F.2d 874.
"What has been said seems to us sufficient to demonstrate the lack of any right on the part of the insured, and so also on the part of the Administrator, to recover on the policy for the care and treatment furnished to the veteran, under the provisions of § 706. The summary of the situation made by the trial court may be repeated: `The court is impressed with the unreality of the position that Kinnier (the insured) has incurred any expense whose payment by him to plaintiff was ever demanded, insisted upon or even expected by plaintiff. The claim of any debt on his part for that expense is a sham or pretense. It lacks that quality of "actuality" which, the policy declares, must characterize the "incurred expense" to support a recovery by Kinnier from defendant.'
"Details of arguments, mostly as to the broad powers given the Administrator in respect to veterans' affairs, have been made in the Administrator's brief, which we do not deem it necessary here to discuss. They were urged before the trial court and have been formally answered in the court's reported opinion, D.C., 133 F.Supp. 726, which is readily available. We approve the answers made and the reasons on which they were predicated. But standing out controllingly in the situation is the fact, emphasized above, that the insured claimed, qualified himself to receive, and accepted, the care furnished him, as a veteran's beneficence under § 706, and so was, under the statute, without any obligation to pay therefor, which could make the value of the care and treatment provided to him at the Veterans Hospital `expenses actually incurred' by him as an insured."
In United States v. Harleysville Mutual Casualty Company, 150 F.Supp. 326, 333, the United States District Court for the District of Maryland said that a serviceman is entitled:
"* * * to hospitalization without charge under the provisions of 32 CFR 577.4(a) (1) (i) and of 38 CFR 17.46 (b) (1). If he be regarded as a veteran, he was entitled to such services without charge under the mandatory provisions of Title 38 U.S.C.A. § 706. There is no federal statute, or regulation having the force of law, which purports to authorize collection of expenses for such care from the veteran. * * *"
In United States v. Borth, 10 Cir., 266 F.2d 521, 522, the court held that a false statement of an honorably discharged veteran of the armed services of the United States made for the purpose of obtaining admission and free medical treatment in a Veterans Administration Hospital created no liability under the False Claims Act, 31 U.S.C.A. § 231. The court said:
"* * * The determinative question presented is whether a false statement of an honorably discharged veteran of the armed services of the United States, made for the purpose of obtaining admission and free medical treatment in a Veterans' Administration hospital, creates a liability under the aforesaid statute. We agree with the trial court that it does not, and that summary proceedings were appropriate.
* * * * * *
"The application of the defendant sought no money or property of the Government. Its acceptance entitled him to free hospital service and medical care, but in no sense, to money or property. * * *"
Thus, the jurisprudence of the federal courts is that under the statutes of the United States establishing the Veterans' Administration, the Administrator of Veterans Affairs is not endowed with the right *153 or authority to collect for expenses from a veteran who is admitted to a veterans' facility for medical or hospital treatment for disease or injuries as the veteran is entitled to such services without charge, and this being so, it could not be said that the plaintiff herein incurred any expense for the services of which he was the recipient. Neither has the government any interest in any insurance coverage the veteran may have for "the expenses incurred," the testimony of the Assistant Registrar and the attorney's letter to the contrary notwithstanding.
In Neck v. Reliance Industrial Life Ins. Co., La.App., 159 So. 449, 452, plaintiff instituted his suit against an insurer under a policy of hospitalization to recover expenses for his wife's hospitalization which the insurer agreed to furnish free to him. The court, although allowing recovery under the policy of certain benefits, denied plaintiff recovery of other expenses which had been paid to him by another insurer. The court said:
"It appears that plaintiff carried another policy which protected him against expenses for hospitalization of the character rendered Mrs. Neck, and that under said policy the hospital bill of $122.50, sued for, had been paid. He is not entitled to recover this amount. He did not pay it, but it has been paid."
It also might be mentioned that this court in two decisions, namely, Malloy v. Southern Cities Distributing Co., La.App., 142 So. 718, and Rigby v. Aetna Casualty & Surety Co., La.App., 151 So. 119, established the principle that even in a tort action recovery for medical services rendered could not be had when there is no legal obligation on the plaintiff's part to pay for same.
Thus the plaintiff not having incurred any expensesindeed, he could not legally do so in a veterans' facilityhas no right of recovery under the certificate of insurance issued by defendant.
LSA-R.S. 22:659 cited by plaintiff has no application to this case if for no other reason than it cannot have retroactive effect, it having been enacted by the Legislature in 1958.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Now 38 U.S.C.A. §§ 610, 621(2), 622.