175 So.2d 9 (1965)
Harvey L. IRBY
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY.
No. 1782.
Court of Appeal of Louisiana, Fourth Circuit.
May 3, 1965.
*10 James J. Gleason, III, New Orleans, for plaintiff-appellee.
Hammett, Leake & Hammett, Robert E. Leake, Jr., New Orleans for defendant-appellant.
Before McBRIDE, SAMUEL and HALL, JJ.
SAMUEL, Judge.
This is a suit on a policy of automobile liability insurance issued to the plaintiff by the defendant. Plaintiff was injured in an automobile accident while he was on active duty with the United States Coast Guard. He was treated in a local United States Public Health Service Hospital for the injuries sustained in the accident. The reasonable value of the care and treatment furnished by the hospital was $312. The respective claims against the tort-feasor and his insurer, that of plaintiff for personal injuries and that of the United States, through the Department of Health, Education and Welfare, in the amount of $312 for hospital care and treatment, were settled.
Plaintiff then brought this action under the medical payments provision of his policy with the defendant seeking to recover for himself the sum of $312, the value of the medical and hospital services he had received, plus penalties and attorney's fees. There was judgment in the trial court on the merits in favor of plaintiff as prayed. Defendant has appealed therefrom contending the policy provides only for reimbursement of "incurred" medical and hospital expenses, plaintiff never "incurred" any such expenses, and therefore the judgment appealed from should be reversed.
Under the pertinent portion of the policy's medical payments provision the insurer is required to pay to the insured, who has sustained bodily injury caused by accident, "* * * all reasonable expenses incurred * * * for necessary medical, surgical, X-ray and dental services, * * and necessary ambulance, hospital, professional nursing and funeral services: * *." As established by the record and under the provisions of a Federal statute, 42 U.S.C.A. § 253, plaintiff was never charged with the medical and hospital services he received and, because of his status as a member of the United States Coast Guard on active duty, he was under no obligation to pay for those services; the government was required to furnish them without charge. Another Federal statute, 42 U.S. C.A. § 2651, provides that when the United States is required to furnish hospital and medical care and treatment under circumstances creating a tort liability upon a third person (as is the case here), the United States has the right to recover from the third person the reasonable value of the care and treatment so furnished and, as to this right, is subrogated to any right or claim possessed by the injured person.
As used in the policy in suit, the word "incurred" emphasizes the idea of liability and the definition of "incur" is: "To have liabilities [or a liability] thrust upon one by act or operation of law"; a thing for which there exists no obligation to pay, either express or implied, cannot in law constitute an "incurred expense"; a debt or expense has been incurred only when liability attaches. Drearr v. Connecticut General Life Insurance Co., La.App., 119 So.2d 149; United States v. St. Paul Mercury Indemnity Co., 8 Cir., 238 F.2d 594; see also Stuyvesant Insurance Co. of New York v. Nardelli, 5 Cir., 286 F.2d 600, 603.
The instant case in its entirety is based on the contract of insurance between the litigants. If the defendant is not bound by that contract to pay, or to reimburse *11 plaintiff for, the cost of the medical and hospital services plaintiff seeks to recover by this suit, there must be judgment for the defendant. As the policy requires payment by the defendant only of "incurred" expenses and as plaintiff never was under any obligation to pay the medical and hospital expenses and therefore never "incurred" the same, the defendant cannot be forced to pay under its contract. The same question was before this court, and the same result was reached, in the case of Drearr v. Connecticut General Life Insurance Co., supra.
We note that the cases of American Universal Insurance Company v. Chauvin, 5 Cir., 329 F.2d 174, Fullilove v. U. S. Casualty Company of New York, La.App., 129 So.2d 816 and Williams v. Campbell, La.App., 185 So. 683, are distinguishable on a factual basis. In each of those cases the suit was against the tort-feasor and no interpretation of a contractual provision was involved. Here the suit is on the insurance policy and we are concerned only with the interpretation of a provision of the policy.
Plaintiff does contend he incurred the medical and hospital expenses under the following additional facts of this case: After the respective claims of the United States and plaintiff had been made on the tort-feasor and his insurer, but before those claims were settled, the government wrote plaintiff's attorney informing him that, in view of his representation of the plaintiff, the government would not undertake to negotiate the matter independently and suggesting that plaintiff's attorney contact the writer for a final statement of the government's claim when the case was about to be settled. The letter further stated the government then would prepare a release of its claim and forward it either to plaintiff's attorney or directly to the tort-feasor's insurer. Plaintiff's attorney later wrote the government stating the case was about to be settled and requested that the final statement and the release be forwarded to him. The government responded, stated its claim was $312, enclosed a release executed by the government in favor of the tort-feasor and his insurer, and requested that the release be forwarded on its behalf to that insurer directing the insurer to issue a draft drawn to the order of the Public Health Service. Plaintiff's attorney did not follow the request in all details. He received the total amount of both claims and then sent his check for $312 to the government. The release in question appears in the record. It is executed by the government alone and releases the tort-feasor and his insurer from all claims for medical care furnished by the Public Health Service to the plaintiff as a result of the accident.
Plaintiff's contention is that, under these facts, he did incur an obligation to pay the government when he received the full amount given in settlement; that after accepting the $312 for hospital and medical services he was obligated to pay that amount to the government and could not have refused to do so.
We find no merit in the contention. Two distinct and separate claims were involved in the settlements made with the tort-feasor and his insurer. One was the government's claim for medical and hospital services; the other was plaintiff's claim for personal injuries. The understanding between the government and plaintiff's attorney was that the latter would process the government's claim for the government, i. e., forward the government's release to the tort-feasor's insurer with directions to that insurer to issue a draft drawn to the order of the proper governmental department. Thus, in connection with the $312 settlement for medical and hospital expenses, plaintiff's attorney was acting for the government and not for the plaintiff. It was the attorney's obligation, not the plaintiff's, to pay the $312 to the government and this obligation resulted from his failure to comply with the request to obtain the insurer's check payable to the governmental department. Plaintiff *12 never has been under any obligation to pay the government for the medical and hospital services he received.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendant, Government Employees Insurance Company, and against the plaintiff, Harvey L. Irby, dismissing plaintiff's suit; all costs in both courts to be paid by the plaintiff-appellee.
Reversed.