201 So.2d 529 (1967)
Israel THOMAS, Plaintiff and Appellee,
v.
UNIVERSAL LIFE INSURANCE COMPANY, Defendant and Appellant.
No. 2068.
Court of Appeal of Louisiana, Third Circuit.
July 19, 1967.
Rehearing Denied August 15, 1967.
*531 A. M. Trudeau, Jr., A. P. Tureaud, New Orleans, Richard B. Millspaugh, Opelousas, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before SAVOY, TATE and CULPEPPER, JJ.
CULPEPPER, Judge.
The plaintiff, Israel Thomas, seeks benefits, penalties and attorney's fees under a "Hospital and Surgical Expense Policy" issued to him by the defendant, Universal Life Insurance Company. From an adverse judgment, defendant appeals. Plaintiff answered the appeal, seeking an increase in attorney's fees.
The substantial issues on appeal are: (1) Since plaintiff's medical expense was paid by his employer's workmen's compensation insurer, was there any "expense actually incurred" by plaintiff within the meaning of the policy? (2) Is plaintiff's hernia, which resulted from accidental injury within 6 months after issuance of the policy, excluded under Section G., (6), which excludes surgery performed for certain "diseases" unless the policy has been in force for six months? (3) Is plaintiff entitled to penalties and attorney's fees? (4) Do the provisions of LSA-R.S. 22:657 for a penalty of "double the amount of the health and accident benefits" mean that this amount must be paid in addition to, or inclusive of, the benefits?
The record shows that while doing heavy work for his employer on August 19, 1965 plaintiff suffered a straining injury to his side which resulted in a hernia. He was hospitalized at the Ville Platte Medical Center for 8 days, beginning August 19, 1965, during which time the hernia was surgically repaired by Dr. Ramson K. Vidrine. The total hospital bill was $281.80 and the doctor's charges $348. These expenses were paid by the employer's workmen's compensation insurer.
It is not disputed that on March 3, 1965 defendant had issued to plaintiff a "Hospital and Surgical Expense Policy", under which $197.50 of the above expenses must be paid, unless one of the defenses urged by the insurer is good.
The defendant's first argument is that under the terms of its policy it agrees to pay only "expenses actually incurred." And, that since all of plaintiff's medical expense has been paid by the workmen's compensation insurer, the plaintiff has not actually incurred any such expense.
The two cases cited by defendant in support of this argument are readily distinguishable from the present matter. Actually, the rationale in these decisions supports plaintiff's position. In Irby v. Government Employees Insurance Company, La.App., 175 So.2d 9 (4th Cir. 1965) the plaintiff sought benefits under the medical payments clause of an automobile liability policy. He was a member of the United States Coast Guard on active duty and, hence, received all of the medical services in question free of charge at the United States Public Health Service Hospital. In holding that the plaintiff had not incurred any medical expense, within the meaning of the policy sued on, the court said:
"As used in the policy in suit, the word `incurred' emphasizes the idea of liability and the definition of `incur' is: `To have liabilities (or a liability) thrust upon one by act or operation of law'; a thing for which there exists no obligation to pay, either express or implied, cannot in law constitute an `incurred expense'; a debt or expense has been incurred only when liability attaches. Drearr v. Connecticut General Life Insurance Co., La.App., 119 So.2d 149; United States v. St. Paul Mercury Indemnity Co., 8 Cir., 238 F.2d 594; see also Stuyvesant Insurance Co. of New York v. Nardelli, 5 Cir., 286 F.2d 600, 603."
The other case cited by defendant is Drearr v. Connecticut General Life Insurance *532 Company, La.App., 119 So.2d 149 (Orl. App.1960) in which the plaintiff was a war veteran, who received medical services free of charge at a veterans hospital. The court held the plaintiff did not "incur expense" for medical services within the meaning of the hospital insurance policy. The rationale of this decision also is that a person does not incur expense unless he becomes liable therefor.
Applying the test used in the above cited cases, there can be no question that the plaintiff here incurred medical expense. The statements filed in the record show that both the hospital expenses and the doctor's services were charged to the plaintiff, Israel Thomas. He was legally liable for these expenses. Hence, they were "incurred."
Defendant's next argument is that the medical expenses for this hernia are excluded under the provisions of Section G, (6). Defendant contends that hernias resulting from either "injury", "sickness" or "disease" are excluded, unless the policy has been in force for 6 months.
Let us examine the provisions of the policy. Generally, benefits are provided for losses due to: (1) accidental bodily injury; (2) sickness and (3) child birth (which obviously has no application here). Section A. "Hospital Expense Benefits" provides for certain scheduled hospital expenses for "such injury or such sickness while this policy is in force," and makes no requirement that the policy be in force for any particular length of time.
Section C. "Benefit for surgical Operations" sets forth a schedule of surgical fees to be paid and reads in pertinent part as follows:
"If as a result of such sickness contracted while this policy is in force, and after it shall have been in force for not less than thirty (30) days from the date hereof, except as provided in Paragraph (6), Section G, or as a result of such injury sustained while this policy is in force, a surgical operation is performed on the Insured by a licensed physician or surgeon, while this policy is in force, the Company will pay in one sum, in addition to any other benefits on account of such injury or such sicnkess, the amount specified opposite the name of the operation in Schedule of Operation."
A mere reading of the above quoted portion of Section C. shows that the specified surgical expense is paid for "sickness" if the policy has been in force 30 days, except as provided in Section G, where six months is required for certain diseases. As to injuries there is no time requirement. The use of the disjunctive conjunction "or" preceeding "injury", shows that sickness and injury are treated separately. Hence, the time requirements, applicable to "sickness", do not apply to injury.
Section 6. "Exceptions and Limitations", provides: "This policy does not cover any loss caused by: * * * (6) a surgical operation performed for the following diseases, unless this policy has been in force for six (6) months from the date hereof: Hernia of any type, disorder of organs peculiar to females, tuberculosis, cancer, tumor, varicose veins, adenoids, appendix, tonsils, kidneys, gallbladder, rectum or thyroid gland * * *."
A reading of the opening sentence under Section C. shows that the word "sickness" referred to there is synonymous with the word "diseases" in Section G, (6). Hence, Section G, (6) excludes only surgical operations resulting from sickness or disease and does not exclude surgical operations resulting from accidental injury. Expenses due to injury are covered from the date the policy is issued.
The next issue is penalties and attorney's fees. LSA-R.S. 22:657 requires that all claims under health and accident policies be paid within 30 days after written notice "unless just and reasonable grounds, such as would put a reasonable and prudent businessman *533 on his guard, exist." In the present case there is no substantial issue of fact which would constitute "reasonable grounds." The insurer here refused to pay because it erroneously construed its policy.
Our jurisprudence is now established that this is not "reasonable grounds" within the meaning of the penalty statute. In Seguin v. Continental Service Life & Health Insurance Company, 230 La. 533, 89 So.2d 113, 55 A.L.R.2d 1014 (1956) our Supreme Court quoted with approval from Phelps v. Southern National Insurance Company, La.App., 83 So.2d 463 (2d Cir. 1955) the following:
"Nor do we think defendant should escape liability for the penalty because in the instant case it misinterpreted both the cause of plaintiff's illness and the legal effect of its policy provisions. A defendant insurer must take the risk of its misinterepretations of its policy. Ayres v. New York Life Ins. Co., 219 La. 945, 54 So.2d 409."
A further issue is the amount of the penalty due under LSA-R.S. 22:657, which reads in pertinent part as follows:
"Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy * * *."
Here, the benefits due are $197.50. The trial judge awarded double this amount, i. e. the sum of $395, as a penalty, in addition to the benefits.
Plaintiff makes a very persuasive argument that the clear language of the statute requires a penalty of double the amount of the benefits, in addition to the benefits themselves. We agree the language is susceptible of this construction, but we are constrained to follow the jurisprudence of our Supreme Court which has held to the contrary.
In Frey v. Manhattan Life Insurance Company of New York, 182 La. 821, 162 So. 633 (1935), plaintiff sued for health and accident benefits under a life insurance policy. With regard to penalties, the court had for consideration a construction of Section 3, Act 310 of 1910 (one of the source statutes of our present LSA-R.S. 22:657) which provided that the insurer "shall pay to the assured, as a penalty, double the amount due under the terms of the policy * * *." The court held:
"Counsel for plaintiff argue that the penalty alone for delay in making payments is double the amount due, or $20 per month for each $1,000 of insurance in addition to the amount stipulated in the policy. In other words, if plaintiff is entitled to the penalties, he should receive $30 per month or three times the amount stipulated in the policies. We do not so construe the statute. As a penalty for delay the insurer must pay, not the amount called for by the policies, but twice that amount, or $20 per month for each month during the delay, instead of $10 per month for each $1,000 of insurance."
In Bain v. Life & Casualty Insurance Company of Tennessee, 188 La. 290, 176 So. 129 (1937) the court held:
"Since the payments have been delayed under the provisions of Act No. 310 of 1910, § 3, the plaintiff would be entitled, in addition to the $97.50 called for in the policy, to an amount of $97.50 (being amount equal to the amount due as a penalty for delayed payment). In other words, the plaintiff would be entitled to $195 for the disability caused by the injury."
To the same effect, see also Traylor v. Liberty Industrial Life Insurance Company, La.App., 185 So. 649; Hill v. Universal Life Insurance Company of Memphis, Tenn., La.App., 160 So. 457; Wilkins v. Universal Life Insurance Company, La. App., 159 So. 185; Dale v. Washington National Insurance Company, 179 La. 928; *534 155 So. 438 (1934); Griffin v. Safety Industrial Life Insurance & Sick Benefit Association, Inc., La.App., 119 So.2d 118 (Orl. App.1960).
The final question concerns plaintiff's answer to the appeal, seeking an increase in the attorney's fee awarded from $250 to $500. The amount of attorney's fees awarded in these cases rests largely within the discretion of the trial judge. In view of the relatively small amount at issue, we find no abuse of the trial judge's discretion in this regard.
For the reasons assigned, the judgment appealed is amended so as to reduce the amount of the statutory penalty from $395 to $197.50, making the total award for benefits and penalty the sum of $395. Otherwise than as herein amended, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.