HOOD, Judge.
Lillian H. Smith instituted this suit against Nationwide Mutual Insurance Company to recover benefits alleged to be *387 due under a Hospital and Surgical Expense Policy issued by defendant, plus penalties and attorney’s fees. After the suit was filed, defendant paid plaintiff all of the benefits due under the policy, and the case was tried solely on plaintiff’s claim for penalties and attorney’s fees. Judgment was rendered by the trial court in favor of plaintiff, awarding her $2,619.00 as penalties and $1,000.00 as attorney’s fees. Defendant appealed.
Before answering, defendant filed a peremptory exception praying that plaintiff’s demands be rejected on grounds that a notice of claim and written proof of loss had not been timely filed, and that the suit was premature. This exception was referred to the merits, and defendant then filed an answer pleading the same defenses as had been alleged in the exception.. The judgment rendered by the trial court had the effect of overruling the exception.
The principal issues presented on this appeal are whether plaintiff is entitled to recover penalties and attorney’s fees under LSA-R.S. 22:657, and if so, whether the award of attorney’s fees is excessive.
On December 5, 1972, plaintiff suffered serious injuries in an automobile accident. She was confined in Schumpert Memorial Hospital, in Shreveport, for treatment of those injuries from the date of the accident until January 6, 1973, and while there she submitted to three surgical procedures performed by Dr. A. E. Dean, Jr., an or-thopaedic surgeon. She then was hospitalized in the Natchitoches Parish Hospital, in Natchitoches, from January 6 until January 28, 1973, and while there she was treated by Dr. K. W. Collins.
At the time the accident occurred there was in effect a Hospital and Surgical Expense Policy which defendant had issued to plaintiff. Under the terms of that policy defendant agreed to pay to plaintiff some of the hospital, surgical and physicians expenses incurred by her in the event of injury or sickness.
On January 31, 1973, or three days after plaintiff was discharged from the hospital, her attorney wrote to defendant requesting that the latter forward the proper claim form to enable Mrs. Smith to submit a claim for benefits under the policy. This request was received by the defendant insurer on February 5, and shortly thereafter the form was mailed to plaintiff’s attorney. The form was filled out and signed by plaintiff and her attending physician, Dr. Collins, and the completed claim form was forwarded to defendant on April 16, and was received by it on April 19, 1973.
Attached to the claim form received by defendant on April 19, 1973, was a statement from the Natchitoches Parish Hospital for $1,819.00, and a statement from Dr. Collins for $345.00, both of which statements were for hospitalization and treatment of- plaintiff’s injuries. The policy provided a limit' of $200.00 for physician’s expenses, so the claim form and statements received by defendant on the above mentioned date showed that plaintiff was entitled to benefits amounting to $2,019.00.
Plaintiff failed to attach to the above claim form a statement of the expenses which she incurred at Schumpert Memorial Hospital or a statement of the fees she owed Dr. Dean for the surgery he performed. Although there was no mention of the Schumpert Hospital in the claim form, and a statement from that institution was not attached to the claim, defendant concedes that from the nature of her injuries and from other information on that form it was apparent that plaintiff had been hospitalized from the date of the accident until she was moved to Natchitoches on January 6, 1973.
On May 28, 1973, or about seven weeks after the completed claim form had been sent to defendant, plaintiff wrote to Nationwide and she enclosed with that letter a statement from Schumpert Memorial Hospital showing that she owed a substantial sum to that institution for hospitalization in connection with the treatment of *388 her injuries. Defendant maintains that it did not receive that statement until the day the instant suit was filed. No benefits provided in the policy were paid to plaintiff prior to the institution of this suit.
This suit was filed on June S, 1973, or 47 days after the above proof of claim had been received by defendant. In her petition plaintiff demanded judgment for $4,889.00 as benefits, plus double that amount as penalties, together with reasonable attorney’s fees. That demand, of course, included the expenses which plaintiff allegedly owed to the Schumpert Hospital as well as those due the Natchitoches Parish Hospital.
On June 14, 1973, defendant paid to plaintiff the sum of $4,096.00, representing all of the benefits due by it under the policy, except for the sum due Dr. Dean as surgical expense. Defendant had not received a statement of Dr. Dean’s charges at the time the above payment was made, but shortly thereafter it paid the maximum surgical services fee of $600.00 due under the policy promptly after it received the statement from Dr. Dean. Plaintiff accepted these payments, and she has stipulated that the amounts paid by defendant are the full amount of benefits due under the policy. The question presented at the trial was whether plaintiff is entitled to recover penalties and attorney’s fees in addition to the benefits which were paid.
The trial judge held (1) that defendant had failed to pay hospital and physicians expenses amounting to $2,019.00 within 30 days after plaintiff furnished it with proof of claim in the form required by the terms of the policy, and that plaintiff thus is entitled to recover that amount as penalties; (2) that defendant also failed to pay timely the maximum surgical expense of $600.00 provided in the policy, and plaintiff also is entitled to recover penalties in that amount; (3) that plaintiff is entitled to an award of $1,000.00 as reasonable attorney’s fees; and (4) that payment of all other benefits due under the policy were timely made. Judgment thus was rendered in favor of plaintiff and against defendant for $2,619.-00 as penalties and $1,000.00 as attorney’s fees.
Defendant contends that it paid the maximum surgical expense of $600.00 promptly after it received a statement or proof of that item of expense. It also contends that it had just and reasonable grounds for withholding payment of the hospitalization and physician’s expense of $2,019.00 until June 14, 1973. For these reasons defendant argues that the trial court erred in awarding plaintiff penalties and attorney’s fees.
Plaintiff concedes that the $600.00 surgery fee due Dr. Dean was paid timely, and she agrees that the judgment rendered by the trial court should be amended by reducing the award of penalties by that amount. She maintains, however, that the judgment appealed from is correct in all other respects.
LSA-R.S. 22:657 provides, in part, that:
“A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court. . . . ” (Emphasis added).
*389 In the instant suit plaintiff furnished to the defendant written notice and proof of claim in the form required by the terms of the policy on April 19, 1973. All of the expenses which had been incurred by plaintiff were not shown in that proof of claim, hut adequate proof was furnished that plaintiff was entitled to benefits amounting to $2,019.00 under the policy. Defendant did not pay any part of the claim until June 14, 1973, which was more than 30 days after written notice and proof of claim had been furnished to it by plaintiff. Under LSA-R.S. 22:657, therefore, plaintiff is entitled to recover a penalty of double the amount of that claim, plus attorney’s fees, unless just and reasonable grounds such as would put a reasonable and prudent business man on his guard are shown to have existed.
Defendant contends that just and reasonable grounds to delay payment of the claim did exist, because of plaintiff’s failure to attach to the proof of claim a statement of the amount due Schumpert Memorial Hospital. It argues that in the absence of that statement, and 'because of plaintiff’s failure to show whether she had assigned her claim under the policy to Schumpert, defendant could not safely pay the hospital and physician’s bills attached to the proof of claim without prejudice to its rights under the contract.
John Harker, the life and health claims attorney for defendant, testified that it was apparent from the proof of claim which it received that plaintiff had been hospitalized prior to the time she was moved to Natchitoches, but that no bills for that hospitalization were included with the claim and there was no indication as to whether plaintiff had made assignment of insurance benefits in favor of the first hospital. He reasoned that defendant thus was unable to calculate the • benefits to which plaintiff was entitled under the policy. He stated that if there had been a valid assignment of benefits to the Schumpert Hospital, and defendant had paid the amounts due the Natchitoches Hospital, then “it would have been likely that the hospital benefits could have been exhausted by paying the second hospitalization and thus leave the company liable still for the first hospital on its previous assignment.” For that reason, he explained, the defendant withheld payment of the amount shown to be due on the proof of claim until both hospital bills were received. He testified that the full amount of benefits due under the policy were paid promptly after it received the statement showing the amount due Schum-pert Memorial Hospital.
We agree with the trial judge that defendant did not have just and reasonable grounds to delay payment for more than 30 days of the benefits shown to be due in the proof of claim. The policy provides:
“ASSIGNMENT: A copy of any assignment of this policy, or of any interest therein, must be filed with the Company. Any assignment shall be subject to any payment made by the Company before such copy is received in the Department responsible for recording the assignment at the Company’s Home Office. The Company assumes no responsibility for the validity of any assignment.”
Defendant obviously had not received a copy of an assignment from plaintiff to Schumpert Memorial Hospital. It, therefore, could safely pay the amount which was shown to be due under the proof of claim, that is, $2,019.00, without incurring any additional liability under the policy. Any assignment which might have been made to Schumpert, or to any other hospital, would be subject to the payments made by the company before a copy of that assignment was received in defendant’s home office. Defendant thus would not be prejudiced by making such a payment.
Defendant argues further that plaintiff breached the contract and thus is not entitled to recover because she failed to notify defendant of the claim within 20 days after the occurrence of the loss, and also because she failed to present a proof of loss *390 within 90 days after the date of such loss. The accident occurred on December 5, 1972. Notice of the claim was given to defendant by letter from plaintiff’s counsel dated January 31, and received by defendant on February S, 1973. The proof of loss was received by defendant on April 19, 1973.
The policy contains the following provision relating to written notice of claims:
“NOTICE OF CLAIM: Written notice of claim must be given to the Company within twenty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible . . . ” (Emphasis added).
With reference to proofs of loss, the policy provides:
“PROOFS OF LOSS: Written proof of loss must be furnished to the Company at its said office within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.”
It is immaterial in the instant suit whether plaintiff filed the notice of claim or the proof of loss within the times specified in the quoted provisions of the policy, because we find that defendant has waived both of these policy requirements. The “notice of claim” and the “proofs of loss” referred to in those provisions relate to claims for benefits due under the policy or proofs of loss covered by that contract. The defense that the insurer has been relieved from the obligation to pay benefits because of delays in filing a notice of the claim or a proof of loss obviously was waived by defendant when it voluntarily paid all of the benefits due under the policy shortly after the suit was filed. No other benefits are due under the policy, and plaintiff is not claiming any additional benefits. The present action is solely for penalties and attorney’s fees under LSA-R.S. 22:657, and nothing in the policy relieves defendant from liability for such penalties and attorney’s fees if payment of the claim was delayed unreasonably.
We feel, of course, that defendant should not be prejudiced by the fact that it voluntarily paid the benefits due plaintiff shortly after the suit was filed. For that reason we considered the question of whether notice of the claim and proof of loss actually was filed too late, even though we base our decision here on the ground that defendant has waived the policy requirements relating to those filings. In view of the serious nature of plaintiff’s injuries and the prolonged hospitalization and treatment which was required, we find that the notice of claim was filed as soon after the occurrence of the loss as was reasonably possible, and that it was not reasonably possible for plaintiff to give a proof of loss within the 90 day period provided in the policy.
Defendant also seeks to have the suit dismissed on the ground that it was filed prematurely. The policy provides that “no action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy.” This suit was instituted before the expiration of 60 days after written proof of loss had been furnished to defendant. There is no merit to defendant’s demand, however, because all benefits due under the policy have been paid, and plaintiff’s remaining claim for penalties and attorney’s fees is not an action “to recover on this policy.” It is a claim under LSA-R.S. 22:657.
 Defendant contends, finally, that the award of $1,000.00 as attorney’s fees is excessive and should be reduced. The
*391 amount of attorney’s fees awarded under LSA-R.S. 22:657 rests largely within the discretion of the trial judge. Thomas v. Universal Life Insurance Co., 201 So.2d 529 (La.App. 3 Cir. 1967). We find no abuse of that discretion in this case, and we thus will not disturb the amount of the award.
Our ultimate conclusion is that plaintiff is entitled to recover penalties in the amount of $2,019.00 and attorney’s fees in the sum of $1,000.00. The judgment appealed from must be amended, however, to delete the additional award of $600.00 as penalties.
For the reasons assigned, the judgment appealed from is amended by reducing the award of penalties from $2,619.00 to the sum of $2,019.00. In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Amended and affirmed.