UNITED STATES of America,
Plaintiff-Appellant,

v.

AUTOMOBILE CLUB INSURANCE
COMPANY, Defendant-Appellee.

No. 75–1654
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 1975.

* Rule 18, 5th Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5th Cir. 1970, 431 F.2d 409, Part I.

1

**2**

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Leonard Schaitman, Judith S. Feigin, Dept. of Justice, Civ. Div., Washington, D. C., for plaintiff-appellant.

Frank J. Varela, New Orleans, La., for defendant-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

The United States seeks reimbursement from the defendant insurance company for the cost of medical care provided to a veteran injured in an automobile accident. The defendant had issued to the veteran an automobile insurance policy with medical payments coverage. The district court held that Louisiana courts would deny recovery under the policy where no expense had been "incurred" by the insured, free medical services having been provided by the Government. We reverse and remand.

The Government argues that the district court erred in applying state law and that federal law governs. We need not address this rather thorny choice-of-laws question. *See, e. g., United States v. Nationwide Mutual Insurance Co.,* 499 F.2d 1355 (9th Cir. 1974). Our analysis indicates the result would be the same under both Louisiana and federal law. The Government, as a third party benefi-ciary to the insurance contract, is entitled to collect the cost of medical care for an insured veteran to the extent of the veteran's automobile insurance coverage. Recovery is not barred by the exclusionary provision that makes the policy inapplicable to the extent medical expenses are paid under the provisions of workmen's compensation or disability benefits law or "any similar law."

On May 25, 1972, Kenneth A. Curtis, an air force veteran, was injured while driving his automobile. In accordance with the provisions of 38 U.S.C.A. § 610,[1] the United States provided Curtis medical treatment in a Veterans Administration hospital. These services were rendered without charge to Curtis.

At the time of the accident, Curtis was covered by an automobile insurance policy with Automobile Club Insurance Company. That policy provided $5,000 coverage for all reasonable medical expenses incurred "[t]o or for the named insured" unless the medical expense is paid or payable under the terms of "workmen's compensation or disability benefits law or any similar law."[2]

Curtis received $521.57 from the insurer for his private medical expenses. The United States sought payment from the insurer for the remainder of the policy coverage ($4,478.43) to cover the expenses incurred on behalf of Curtis. Following the district court's granting of summary judgment in favor of the insurer, the Government brought this appeal.

---

1. This section provides in pertinent part:

(a) The Administrator, within the limits of Veterans' Administration facilities, may furnish hospital care or nursing home care which he determines is needed to—

\* \* \* \* \* \*

(1)(B) any veteran for non-service connected disability if he is unable to defray the expenses of necessary medical care . . . .

2. The insurance policy in question provides coverage in the following terms:

Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray, and dental services . . . . :

\* \* \* \* \* \*

1: To or for the named insured . . . .

(a) while occupying the owned automobile.

\* \* \* \* \* \*

Exclusions: This policy does not apply . . . to bodily injury . . . .

(f) to the extent that any medical expense is paid or payable to or on behalf of the injured person under the provisions of any . . . .

(4) workmen's compensation or disability benefits law or any similar law.

\* \* \* \* \* \*

The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury.

The terms of the insurance policy clearly establish the Government as a third party beneficiary. The policy obligates the insurer to pay, within certain limits not pertinent to this case, all reasonable medical expenses incurred "to or for" the insured and provides that "[t]he company may pay the injured person or any person or organization rendering the services . . . ." Indisputably the Government rendered medical services for the insured veteran. Louisiana recognizes the right of a third party beneficiary to sue on a contract if the contract clearly manifests an intention to confer a benefit on the third party. La.Stat. Ann.—Civil Code Arts. 1890, 1902. *See Fontenot v. Marquette Casualty Co.*, 258 La. 671, 247 So.2d 572, 579 (1971); *Hertz Equipment Rental Corp. v. Homer Knost Construction Co.*, 273 So.2d 685, 688 (La. Ct.App.1973). Here the language of the contract clearly indicates that third parties providing medical services "to or for the named insured" are to be beneficiaries of the policy and that payment to such a "person or organization rendering the services" is authorized.

The Louisiana state court cases relied upon by the district court, *Irby v. Government Employees Insurance Co.*, 175 So.2d 9 (La.Ct.App.1965), and *Drearr v. Connecticut General Life Insurance Co.*, 119 So.2d 149 (La.Ct.App.1960), are inapposite and clearly distinguishable. In each of these cases a serviceman, after receiving free medical care from the Government, personally sought recovery under the policy. The Louisiana courts held that the servicemen could not recover, apparently on the theory that recovery would be a "windfall" to the serviceman since he had not incurred the expenses. In the instant case, however, it is the United States who seeks recovery for expenses incurred, not the insured.

Moreover, even the dicta in *Drearr* upon which defendant relies ("Neither has the government any interest in any insurance coverage the veteran may have for 'the expenses incurred,' . . . .", *Drearr*, 119 So.2d at 153), does not compel a contrary decision here. As set forth in that opinion, the insurance policy in *Drearr* simply provided coverage "for the expenses incurred (a) for hospital charges for bed and board and (b) for hospital charges for necessary services and supplies." There was no "to or for" clause or provision for payment to any "person or organization rendering the services," provisions which are contained in the insurance policy we are here construing. This additional language distinguishes the instant case from *Drearr*, and also from *United States v. St. Paul Mercury Indemnity Co.*, 238 F.2d 594 (8th Cir. 1956), another case relied upon by defendant and by the court in *Drearr*.

Similar contractual provisions have been construed in *United States v. United Services Automobile Association*, 431 F.2d 735 (5th Cir. 1970), *cert. denied*, 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 440 (1971); *United States v. Government Employees Insurance Co.*, 461 F.2d 58 (4th Cir. 1972); *United States v. State Farm Mutual Automobile Insurance Co.*, 455 F.2d 789 (10th Cir. 1972), to authorize the Government to recover as a third party beneficiary for medical services rendered by it pursuant to statute. The analysis of these cases is persuasive. *United Services Automobile Association* would control the federal law issue in this Circuit as there is a firm policy that one panel of the Circuit will not overrule a decision of another panel. *See Linebery v. United States*, 512 F.2d 510 (5th Cir. 1975), and cases cited therein. Although the above cited cases all pertain to the right of the United States to recover the cost of medical care furnished to a serviceman or his family pursuant to different statutes, 10 U.S.C.A. §§ 1074 and 1076, the same rationale would obviously apply to the insured veteran here since he too had a statutory right to free medical care pursuant to 38 U.S.C.A. § 610.

The district court's decision that the United States could not recover where no expenses had been personally incurred by the insured made unnecessary its consideration of whether the policy's exclu-

sionary clause barred the Government's recovery. That exclusionary clause provides that the "policy does not apply . . . to the extent that any medical expense is paid . . . to or on behalf of the injured person under the provisions of any . . . workmen's compensation or disability benefits law or any similar law." This clause has been construed by several courts, including this Circuit, and it has been consistently held not to preclude the United States from recovering under a private insurance policy for medical care furnished without cost to the insured. *United States v. Government Employees Insurance Co.*, 440 F.2d 1338 (5th Cir. 1971); *United States v. United Services Automobile Association*, 312 F.Supp. 1314 (D.Conn.1970); *United States v. Commercial Union Insurance Group*, 294 F.Supp. 768 (S.D.N.Y.1969). Defendant's attempt to distinguish these cases on the ground that they all involved suits under the Federal Medical Recovery Act, 42 U.S.C.A. § 2651(a), to reach uninsured motorist coverage is not persuasive. In each of the above cases, as in the case *sub judice,* the courts permitted the Government, who had furnished medical services to the named insured pursuant to statutory obligation, to recover because the statutory obligation was not equivalent to workmen's compensation or similar law.

We find no Louisiana authority which would require a different result, assuming state law to be applicable to this case. Both *Walker v. Louisiana Hospital Service, Inc.*, 224 So.2d 494 (La.Ct.App. 1969), and *Ledoux v. Travelers Insurance Co.*, 223 So.2d 684 (La.Ct.App.1969), cases relied upon by defendant, involved situations in which private plaintiffs were unable to recover from their insurer when the injuries were covered by workmen's compensation and their policies excluded recovery for medical expenses covered by workmen's compensation. These cases have no bearing on the instant suit where the federal Government is seeking to recover for medical costs which were not covered under workmen's compensation or any similar law.

Neither are we persuaded by defendant's argument that the rationale of the exclusionary clause is that the insurer is not to be held liable for medical expenses under the policy when there are sources of free medical services provided by law on which the insured may rely. We agree with the Government that a better explanation of the clause is that it is designed to prevent double recovery by the insured. Thus, if he is compensated by benefit of a reimbursement plan, he cannot collect again from the insurer. No such double recovery exists in the present suit. Here the insurer is obligated to pay for injuries covered under the terms of the policy. Under these circumstances, the exclusionary clause presents no bar to the Government's recovery.

We reverse and remand to the district court, with instructions to enter judgment in favor of the Government for the remainder of the policy coverage.

*Reversed and remanded.*