WHIPPLE, C.J.
12This writ application is before us on remand from the Louisiana Supreme Court. The issue presented on remand of defendant/relator’s application for supervisory writs is whether “expenses incurred,” as stated in the medical payment provision of plaintiffs automobile liability policy, means the full amount of the medical expenses charged by a treating hospital in connection with plaintiffs automobile accident, or the reduced amount of medical expenses accepted by the hospital due to a contractual agreement with plaintiffs health insurer. We conclude that “expenses incurred” constitutes the full amount of medical expenses charged by the treating hospital and that the trial court properly denied the automobile insurer’s motion for summary judgment. Thus, we again deny the insurer’s writ application.
FACTS AND PROCEDURAL HISTORY
Plaintiff Ashley Hoffman was injured in an automobile accident on June 24, 2010, and sought treatment at Baton Rouge General Medical Center’s emergency room (“Baton Rouge General”). At the time of the accident, Ms. Hoffman was insured under at least two different insurance policies, i.e., an automobile liability policy with uninsured/underinsured motorist coverage and a medical payments provision issued by Travelers Indemnity Company of America (“Travelers”) to her parents and a health insurance policy issued by AETNA.
On August 17, 2010, Ms. Hoffman, through her attorney, submitted a medical bill to Travelers in the amount of $485.29 from Baton Rouge General, incurred for her treatment in the emergency room after the accident. According to Travelers, the submitted “account summary” did not contain an itemization of the medical treatment provided to Ms. Hoffman and, therefore, precluded Travelers from analyzing the claim for medical payment or making a payment. The Travelers’ claim handler then contacted Baton Rouge General directly and ^requested an itemized bill of Ms. Hoffman’s account purportedly so that she could process and pay the claim. In response to the request, Baton Rouge General provided Travelers with an itemized invoice in the amount of $718.67 on September 3, 2010. Travelers reviewed the itemized bill and then issued payment on September 22, 2010 in the amount of $674.73 to Ms. Hoffman and her attorneys. Travelers’ explanation of benefits indicated that a charge of $72.00 for a procedure was reduced to an allowed amount of $33.06 “based on provider charges within the provider’s geographic area.” Thus, the invoiced amount of $713.67 was reduced to $674.73.
On June 14, 2011, Ms. Hoffman filed a “Class Action Petition for Declaratory Judgment, Injunctive Relief and for Incidental Damages.” The petition alleged that Travelers reduced the $72.00 charge to $33.06 with an explanation code that “[t]he amount allowed is based on provider charges within the provider’s geographic scope,” without any definition of “geographic scope” of the allowed amount, nor *108 any explanation regarding how the allowed amount was calculated. The petition sought a declaratory judgment that Travelers’ reduction of medically related service charges: (1) violates the terms and conditions of the automobile accident policy; (2) constitutes an arbitrary and capricious refusal to timely tender insurance benefits; and (3) runs contrary to the public mores. The petition also sought injunc-tive relief requiring Travelers to adjust or re-adjust all past and future claims for reimbursements of medical expenses under the terms and conditions of its medical payments coverage.[1],[2]
| ./Travelers filed a motion for summary judgment in response to Ms. Hoffman’s suit, arguing that Ms. Hoffman’s petition should be dismissed because Travelers fully performed under the policy by paying $674.73 for “expenses incurred,” when Ms. Hoffman’s expenses only totaled $485.29.
On April 30, 2012, the trial court denied Travelers’ motion, and Travelers then filed an application for supervisory writs with this court, challenging the trial court’s denial of the motion for summary judgment. This court denied Travelers’ writ application on September 19, 2012. See Hoffman v. Travelers Indemnity Company of America, 2012-CW-0725 (La.App. 1st Cir.9/19/12) (unpublished writ action). Thereafter, on December 14, 2012, the Louisiana Supreme Court granted Travelers’ application for supervisory writs and remanded the matter to this court for briefing, argument, and full opinion. Hoffman v. Travelers Indemnity Company of America, 2012-2271 (La.12/14/12) 104 So.3d 451.
In accordance with the remand order from the Louisiana Supreme Court, we issue the following full opinion on the merits of Travelers’ writ application.
DISCUSSION
The “Medical Payments” provision of the Travelers’ policy states that Travelers will pay “reasonable expenses incurred” for necessary medical and funeral services because of ‘bodily injury’ caused by an accident and sustained by an insured. Travelers contends that this policy language is unambiguous and, furthermore, that it is “well-established” in Louisiana that the phrase “expenses incurred” in an insurance policy means “only those expenses that the insured is legally obligated to pay, ie., the amount that the medical-service providers were willing to accept as full payment for their services — the discounted bill.” In support, Travelers cites *109 Irby v. Government Emp. Ins. Co., 175 So.2d 9 (La.App. 4th Cir.1965); Brackens v. Allstate Ins. Co., 339 So.2d 486, (La.App. 2nd Cir.1976); Drearr v. Connecticut Life Ins. Co., 119 So.2d 149 (La.App.Orleans 1960); and Rigby v. Aetna Casualty & Surety Co., 151 So. 119 (La.App. 2nd Cir.1933). We find these cases to be readily distinguishable from the present matter. In particular, no charges whatsoever were incurred for the medical services provided in those cases.
In Irby, the plaintiff sought benefits under the medical payments provision of his automobile liability policy for costs associated with treatment at a United States public hospital following an automobile accident. The plaintiff was never charged for the medical and hospital services he received, due to his status as an active member of the United States Coast Guard. The court found the plaintiff did not incur any medical expenses under the automobile liability policy, noting that “plaintiff never was under any obligation to pay the medical and hospital expenses and therefore never ‘incurred’ the same....” Irby, 175 So.2d at 11.
In Brackens, the plaintiff sought benefits under the medical payments provision of his automobile liability policy for costs associated with treatment at a veterans’ administration hospital following an automobile accident. As a veteran, the plaintiff was entitled to receive hospital services without payment and no charge was made to plaintiff for the services. The court found the plaintiff did not incur any medical expenses under the automobile policy terms, stating that “[p]laintiff here has never been liable or obligated for payment of the medical services rendered by the VA Hospital, either initially or by reason of the settlement with the tort-feasor’s insurer. He has never, therefore, ‘incurred’ any medical expense for which payment is due under the medical payments provision of the insurance contract.” Brackens, 339 So.2d at 488.
Likewise, in Drearr, the plaintiff was a war veteran who received medical treatment at a veterans’ administration hospital free of charge. The plaintiff sought payment of medical expenses under an insurance policy wherein the insurer 1 (-.contracted to pay plaintiff for medical expenses incurred. The court found that “the plaintiff not having incurred any expenses-indeed, he could not legally do so in a veterans’ facility — has no right of recovery under the certificate of insurance issued by defendant.” Drearr, 119 So.2d at 153.
In Rigby, the plaintiff was a doctor who sued to recover damages for personal injuries received in an automobile accident, including special damages for medical expenses. However, the physicians and surgeons who treated the plaintiff after the accident did not charge him. The court found that the plaintiff was not entitled to a sum for medical expenses, stating that “[sjince plaintiff [was] not charged for the services, he could not be damaged in an amount not claimed of him by any one and not charged against him.” Rigby, 151 So. at 122.
Unlike Irby, Brackens, Drearr, and Rigby, in the instant case, Baton Rouge General did charge for the services provided to Ms. Hoffman. Thus, these cases differ from the situation herein, where actual expenses were incurred. Moreover, we are not the first court to make this distinction. This exact distinction was noted in Thomas v. Universal Life Ins. Co., 201 So.2d 529 (La.App. 3rd Cir.1967), and Niles v. American Bankers Ins. Co., 229 So.2d 435 (La.App. 3rd Cir.1969) writ refused, 255 La. 479, 231 So.2d 394 (1970).
In Thomas, the plaintiff was insured under a hospital and surgical expense policy, wherein the insurer was obligated to *110 reimburse the plaintiff for medical “expenses actually incurred.” Following his hospitalization, the plaintiff sought payment under the policy. The insurer argued that there were no “expenses actually incurred” by plaintiff, as his medical expenses were paid by his employer’s workers’ compensation insurer. The court disagreed with the insurer and found that the insurer was obligated to pay the medical expenses under the policy terms. In reaching its decision, the court noted that, when applying the test used in Irby and Drearr, there is “no question” that the plaintiff incurred medical 17expenses. The court noted that the hospital statements demonstrated that the plaintiff was charged for the medical services rendered; thus, he was legally liable for these expenses, and they accordingly were “incurred.” Thomas, 201 So.2d at 532.
In Niles, the plaintiff brought suit to recover benefits under a hospitalization policy. The issue was whether the plaintiff “actually incurred” the hospital expenses claimed, as a substantial portion of the expenses were paid by Medicare. The court concluded that the hospital expenses were “actually incurred” by the plaintiff, and that the defendant insurer was liable to the plaintiff for the insurance benefits claimed. In reaching its conclusion, the court distinguished Drearr, Irby and Rig-by, stating:
In none of the cited cases, however, were any charges made to anyone for the hospital or medical services which were provided, and the provider of those services was never entitled to be paid for them. In the instant suit, the Baptist Hospital did make a charge for the services it provided, and it received payment of the amount due.
Niles, 229 So.2d at 438.
Applying the rationale of Niles and Thomas to the instant matter, we find that the “expenses incurred” by Ms. Hoffman, within the meaning of that term as used in the Travelers’ policy, were $713.67, i.e., the amount reflected on the Baton Rouge General statement as invoiced and billed to plaintiff prior to any discount obtained on account of Ms. Hoffman’s health insurance. Baton Rouge General charged her for the services it provided and it was entitled to be paid for the charges. The fact that the charges could ultimately be reduced by virtue of a negotiated rate agreement between the treating hospital and plaintiffs medical insurer is of no moment in determining the amount which Travelers is legally and contractually obligated to pay.
In so concluding, we note that this was not a gratuitous reduction by the treating hospital; rather, premiums were paid by or on behalf of Ms. Hoffman for [¡¡health insurance to obtain this benefit. Thus, Travelers is not entitled to a windfall based on premiums paid to her health insurer, as there is no evidence that plaintiffs premiums paid to Travelers were reduced on account of her having a separate policy. Absent Ms. Hoffman’s decision to collaterally obtain health insurance, she would be responsible for the full sum invoiced, as the “expenses incurred” by her for the hospital charges. Moreover, if Ms. Hoffman’s health insurer had failed or refused to pay the hospital charges, she remained responsible for the charges as she signed a treatment authorization form upon being admitted to the hospital which included a contractual obligation that she “assume[s] responsibility for and guarantee[s] the payment of all Medical Center charges in accordance [with] the Medical Center’s then current rate.” There is no basis in fact or law to allow Travelers to obtain a windfall for Ms. Hoffman’s separately paid health insurance.[3]
Travelers argues that a contrary result is mandated by a footnote of a federal *111 court in Guidry v. American Public Life Ins. Co., 07-30085, (U.S. 5th Cir.2007), 512 F.3d 177, 183. Specifically, footnote 7 in the Guidry opinion states, “APL convincingly establishes that “expenses incurred” under Louisiana law means lathose expenses for which a person is legally liable — in this case, the discounted bill.” However, we note that there is no further explanation therein for this statement nor any discussion of or citation to any prior case law in support of this statement. Moreover, interpretation of the term “expenses incurred” was not the issue in Guidry. Rather, the plaintiff in Guidry sought payment under a supplemental coverage policy for cancer treatment, which contractually obligated the insured to offset the costs of cancer treatment by paying a set percentage of the “actual charges” incurred for various treatments. The Guidry court held that the term “actual charges” was subject to interpretation, and therefore, the term was ambiguous and summary judgment was not appropriate. Thus, we find that footnote 7 in the Guidry opinion appears to be non-persuasive dicta, which is not binding on this court.
Accordingly, we find no error in the trial court’s denial of Travelers’ motion for summary judgment and deny its application for writs.[4]
CONCLUSION
For the above and foregoing reasons, Travelers’ application for supervisory writs, seeking review of the trial court’s denial of its motion for summary judgment, is hereby denied at its cost.
WRIT DENIED.
HIGGINBOTHAM, J„ concurs with reasons.
McCLENDON, J., dissents and assigns reasons.

. The petition further alleged that Ms. Hoffman was bringing the action on behalf of all other class members, defined as insureds of Travelers who were not fully reimbursed the amount of medical expenses pursuant to code "41” — "denial for expenses greater than provider charges within the providers' geographic scope.” Although not determinative of the issues herein, the trial court apparently has not yet certified a class in this case.

. After filing her petition, Ms. Hoffman signed a settlement agreement with Travelers and received a payment of $23,500.00. After the settlement agreement was signed, Travelers filed a peremptory exception raising the objection of res judicata. The trial court denied the exception, finding that the settlement agreement only covered and released Ms. Hoffman’s bodily injury claims under the uninsured/underinsured motorist provision of the policy and did not compromise her pending claim under the policy's medical payments provision. Travelers filed a writ application with this court, seeking review of the denial of the exception, and this court denied writs. See Hoffman v. Travelers Indemnity Company of America, 2011-CW-2304 (La.App. 1st Cir.3/28/12) (unpublished writ action). Subsequently, the Louisiana Supreme Court also denied Travelers’ writ application. See Hoffman v. Travelers Indemnity Company of America, 2012-0956 (La.6/15/12), 90 So.3d 1067.

. See also, Feit v. St. Paul Fire and Marine Ins. Co., 209 Cal.App.2d Supp. 825, 828-829, *111 27 Cal.Rptr. 870 (Cal.Super.A.D.1962). Therein, plaintiff sought payment under the medical payments clause of his automobile liability policy for $551.49 for treatment of injuries at Kaiser Foundation Hospital following an automobile accident. Because plaintiff was a prepaying member of Kaiser Foundation Health Plan, he was not required to, and did not pay for the services valued at $551.49. Plaintiff submitted a statement from the hospital and medical group that stated: "This is what the patient would have paid had he not been a pre-paying member of the Kaiser Foundation Health Plan. Make Check Payable to Patient Only." Id., 209 Cal.App.2d Supp. at 826-827. The court found the automobile insurer was required to pay the amount of $551.49, reasoning:
[Ujnder Coverage A — Bodily injury, and Coverage B — Property Damage, the company agrees ‘to pay on behalf of the insured all sums which [the insured] shall become legally obligated to pay’. If the defendant had intended to limit its liability for medical expenses to such expenses as the insured should become legally liable to pay it would have employed the same language in Coverage C as it did in Coverages A and B. Different language was used deliberately in Coverage C because the insurer intended to pay for medical expenses incurred, irrespective of by whom, and whether or not the insured was legally obligated to pay them.
[[Image here]]
The existence of pre-paid medical, hospitalization and funeral plans is a matter of common knowledge and is certainly known to the insurance industry. If an insurer does not wish to honor claims of the type involved here it should exclude them specifically so that an insured with additional medical or hospital coverage would know that he is receiving less coverage for his premium dollar than some other insured who is without outside benefits. Id. 209 Cal.App.2d Supp. at 828-929.

. In so ruling, we express no opinion on the issue of whether Travelers’ actions in reducing the amount of medical benefits paid "based on provider charges within the provider's geographic scope,” without a policy provision allowing it to do so, constitutes an arbitrary and capricious denial of benefits.