HALL, Judge.
Plaintiff sued Allstate Insurance Company under the medical payments coverage of an automobile insurance policy issued by Allstate to plaintiff for recovery of the amount established by a Veterans Administration hospital as the reasonable value of medical services rendered free of charge to plaintiff for treatment of injuries received in an automobile accident. The district court citing Irby v. Government Employees Insurance Co., 175 So.2d 9 (La.App. 4th Cir. 1965), as controlling, denied recovery. Plaintiff appealed. Agreeing that the decision in Irby is sound law and is controlling, we affirm.
Plaintiff was injured in an automobile accident while driving his automobile in *487 sured by Allstate. He was treated at the VA Hospital which established the reasonable value of its services at $2,131.72. As a veteran meeting certain qualifications, plaintiff was entitled under 38 U.S.C.A. § 610 to receive hospital services without payment therefor. No charge was made to plaintiff for the services and he never incurred any liability to the VA for the services.
Plaintiff brought suit against the insurer of the other vehicle involved in the accident seeking damages for his personal injuries, and “for the use and benefit of” the VA seeking recovery of the reasonable value of the services rendered by the VA. Recovery of the reasonable value of services by the VA from a third party tort-feasor is authorized by 42 U.S.C.A. § 2651. The suit was ultimately settled, with the tort-feasor’s insurer paying $19,000 by draft payable to plaintiff and the VA. Plaintiff and the VA released the tort-feasor and his insurer from further liability and the suit was dismissed on joint motion of plaintiff, the VA, and the defendants in that suit. Before the VA would join in dismissal of the suit, it required plaintiff’s attorney to guarantee payment to the VA of the VA’s claim in full. At the time of trial of the case before this Court, the attorneys were holding funds from the settlement sufficient to pay the VA, but had not actually paid the government agency.
Plaintiff also filed the instant suit against Allstate seeking recovery under the medical payments coverage of the Allstate policy. In pertinent part the policy provides:
“Allstate will pay all reasonable expenses, incurred within one year from the date of accident, for necessary medical, dental, surgical, X ray, ambulance, hospital, professional nursing and funeral services, pharmaceuticals, eyeglasses and prosthetic devices to or for an insured who sustains bodily injury caused by accident.”
Plaintiff contends that as a result of the claim made by the VA against the tort-fea-sor, plaintiff is now obligated to pay the VA out of the $19,000 settlement with the tort-feasor’s insurer and, therefore, he has incurred or become liable for the medical expense within the coverage of the Allstate policy.
Defendant Allstate contends that since the VA was required by law to render the services to plaintiff free of charge, plaintiff never incurred or became liable for any medical expense and is not entitled to recovery under the policy provisions.
The Irby case is squarely in point. In that case plaintiff was treated in a U.S. Public Health Service hospital for injuries received in an automobile accident while on active duty with the Coast Guard. Under a federal statute, 42 U.S.C.A. § 253, the government was required to render the services without charge and plaintiff was never obligated to pay for the services. A settlement was reached among plaintiff, the government agency, and the tort-feasor and his insurer. As in the instant case, the plaintiff’s attorney was authorized to prosecute and collect the government’s claim against the tort-feasor.
Plaintiff sued his automobile insurer under the medical payments provisions of the policy which were substantially similar to the provisions of the policy in the instant case.
The court held the word “incurred” as used in the policy emphasizes the idea of “liability” and that expense is incurred only when liability attaches. Since the plaintiff never was under any obligation to pay the hospital expense, he never incurred the expense and the defendant insurance company was not liable under the medical payments coverage. Cited as authority was Drearr v. Connecticut General Life Insurance Co., 119 So.2d 149 (La.App.Orl.Cir.1960), which reached a similar result under similar facts in a suit under a hospitalization policy. Also cited as authority was United States v. St. Paul Mercury Indemnity Co., 238 F.2d 594 (8th Cir. 1956), which denied recovery to the government under a poliomyelitis expense policy issued to the veteran which provided for payment of expenses “actually incurred by the insured.”
*488 The court in Irby also rejected plaintiff’s argument that he became obligated to pay the government’s claim by reason of the settlement with the tort-feasor’s insurer, noting that the settlement was of two separate claims, one by plaintiff individually for his injuries and one by the government agency for its services rendered. Although plaintiff’s attorney, acting for the government, was obligated to pay to the government that part of the proceeds of the settlement collected for the government, plaintiff himself was never obligated to the government for anything.
The instant case is identical in all pertinent respects. Plaintiff here has never been liable or obligated for payment of the medical services rendered by the VA Hospital, either initially or by reason of the settlement with the tort-feasor’s insurer. He has never, therefore, “incurred” any medical expense for which payment is due under the medical payments provisions of the insurance contract.
Plaintiff cites Niles v. American Bankers Insurance Co., 229 So.2d 435 (La.App. 3d Cir. 1969), in which a plaintiff recovered under a hospitalization policy for services rendered by a private hospital, which services were paid by Medicare and for which, under the hospital’s agreement with the government, plaintiff was never responsible. The court in Niles distinguished Irby, noting that in Niles a charge was made by the hospital which was paid by the government’s Medicare program in plaintiff’s behalf, and likened Medicare to other hospitalization insurance. The distinction between the two cases is thin but valid.
Plaintiff also cites United States v. Automobile Club Insurance Co., 522 F.2d 1 (5th Cir. 1975). In that case the United States was allowed to recover from the veteran’s automobile insurer under the medical payments provisions of the policy as a third party beneficiary. The policy provided for payment of medical expenses incurred “by or for” the insured and provided for payment to the insured or to any organization rendering medical services to the insured. The policy in the instant case contains almost identical wording and, under Automobile Club, the VA presumably would be entitled to recover under the policy. However, the VA has not brought the instant action, nor is the action brought by the plaintiff in behalf of the VA. The court in Automobile Club also distinguished Irby, recognizing that underlying the Irby decision was the notion that the insured should not be allowed a “windfall” recovery under the policy for expenses never incurred by the insured.
Plaintiff incurred no medical expense by reason of his hospitalization at the VA Hospital and is not entitled to recover under the medical payments provisions of his automobile insurance policy.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff-appellant’s costs.
Affirmed.