FRED W. JONES, Judge.
Cecil M. Brooks, Jr., sued the Plumbers and Steamfitters Local 106 Health & Welfare Fund for $1,359.00, the value of services rendered to him by the Veterans Administration Hospital in Alexandria, Louisiana. Brooks further prayed for double damages and attorney fees as penalties for arbitrary and capricious failure to pay. The Fund answered that the rules and regulations of the plan prohibited payment of the claim. After submission of the case based on a stipulation of facts, the trial judge in written reasons for judgment ruled that the Fund owed Brooks $1,359 but did not arbitrarily and capriciously fail to pay. The Fund appealed. We reverse and render.
The following facts were stipulated:
(1) On or about the 14th day of October, 1979, petitioner, Cecil M. Brooks, Jr., was hospitalized in a Veterans Administration Hospital in Alexandria, Louisiana, for injuries received from a firearm.
(2) The total charges for services rendered by the hospital amounted to the sum of One Thousand Three Hundred Fifty-nine Dollars ($1,359.00).
(3) At the time of the accident and hospitalization, Cecil M. Brooks, Jr., was a participant and eligible for certain benefits through defendant, Plumbers and Steamfitters Local 106 Health & Welfare Fund, subject to the limitations of defendant’s plan.
(4) Cecil M. Brooks, Jr., subsequently recovered a sum of money from the tort-fea-sor, the manufacturer of the firearm that caused his injuries, and that the sum of $1,359.00 was paid to the Veterans Hospital pursuant to U.S.Code Title 42, Sections 2651 through 2653, from those funds.
(5) Cecil M. Brooks, Jr., properly submitted a claim in the amount of $1,359 to the defendant herein, and the claim was refused by the defendant pursuant to the provisions of its plan, particularly the Medical Expense Benefit provision.
(6) Had Cecil M. Brooks, Jr., not recovered from the tort-feasor manufacturer of the firearm, he would not have been charged or liable for the medical treatment rendered him by the Veterans Hospital.
The Medical Expense Benefit provision provides in pertinent part: “no Medical Expense Benefits shall be payable for or on account of: ... (6) any supplies or services (a) for which no charge is made, or (b) for which the individual is not required to pay, or (c) furnished by or payable under any plan or law of any Federal or State Dominion or Provincial Government....”
The primary issue is whether Brooks was charged or required to pay for the services rendered to him by the Veterans Hospital so that he would not fall within the exclusion in the Medical Benefit Provision. Brooks in fact paid the VA for the services after he recovered damages from a tort-feasor. This payment was made in response to the legal subrogation of the plaintiff’s claim for damages to the VA as provided in La.R.S. 46:8-15 and 42 U.S. C.A. §§ 2651-2653. Therefore, the more precise issue is whether this legal subrogation constitutes a charge or requirement to pay within the meaning of the exclusionary language.
A similar question was answered by this court in the case of Brackens v. Allstate Ins. Co., 339 So.2d 486 (La.App. 2d Cir. 1976). There the question was whether the plaintiff had “incurred” a compensable medical expense. The plaintiff in Brack-ens settled a claim against a tort-feasor and received a draft payable to him and the VA jointly. The plaintiff’s attorney was required to guarantee payment to the VA before the suit was dismissed. Just as in *28 this case, the plaintiff had not previously been charged for the services rendered by the VA. The court in Brackens opined that the plaintiff had “never been liable or obligated for payment of the medical services rendered by the VA hospital, either initially or by reason of the settlement with the tort-feasor’s insurer.” Brackens, p. 488.
The operative principle in Brackens is the same as in this case. The subrogation of the plaintiffs claim for medical expenses which he never had to pay is not a charge, a requirement to pay, or an expense incurred. At no time was Brooks required to pay the medical bills himself; therefore, Brooks cannot recover under the clear language of the plan.
Brooks argues that the exclusion in the plan is unlawful under La.R.S. 22:659 and 663. The Fund contends that the Louisiana Insurance Code is not applicable to a fund established under the Labor-Management Relations Act and now governed by the Employee Retirement Income Security Act of 1974 (ERISA). While the name of the fund seems to indicate that the Louisiana Insurance Code would in fact be inapplicable, we do not have sufficient facts in the record to determine the status of the Fund. However, we find that the exclusion is not barred by R.S. 22:659 and 663.
The articles in question provide:
§ 659.
A. No policy of hospitalization insurance shall be issued after August 31, 1968, by any insurer doing business in this state which excludes payment of benefits to an insured for services rendered to the insured by a medical facility owned or operated by the state of Louisiana or any of its political subdivisions, whether it be a general hospital, a mental hospital, a tubercular hospital, or a geriatric hospital. Any policy provision in violation of this Subsection shall be invalid.
B. No policy of hospitalization insurance shall be issued by any insurer doing business in this state which excludes payment of benefits to an insured or his assignee for services rendered by a physician, hospital, or other provider of medical services, which services are considered reimbursable in whole or in part from federal or state medical assistance funds provided pursuant to Title XIX of the Social Security Act and R.S. 46:153. Any payment in excess of actual charges for such services shall be reimbursed to the appropriate federal or state medical assistance fund by the person or establishment receiving such excess payment. § 663.
Notwithstanding any other provisions in this title to the contrary, no group policy of accident, health or hospitalization insurance, or of any group combination of these coverages, shall be issued by any insurer doing business in this state which by the terms of such policy group contract excludes or reduces the payment of benefits to or on behalf of an insured by reason of the fact that benefits have been paid under any other individually underwritten contract or plan of insurance for the same claim determination period. Any group policy provision in violation of this section shall be invalid.
Article 659, paragraph A, is not applicable because the YA is not a state owned or operated hospital or a hospital owned or operated by a political subdivision of the state. Paragraph B is not applicable because the VA was not paid by a medical assistance fund, and the Veterans Administration is not a medical assistance fund. Article 663 is not applicable because there were no benefits “paid under any other individually underwritten contract or plan of insurance for the same claim determination period.”
For the foregoing reasons, we reverse the trial court judgment and render judgment in favor of defendant dismissing the suit, with all costs to be paid by plaintiff-appellee.